JACOBS *v.* AMERICAN BANK & TRUST COMPANY.

Opinion delivered November 21, 1927.

1. COMPROMISE AND SETTLEMENT—EFFECT OF SETTLEMENT.—Where the assignee of a mortgagee claiming title to land refused the mortgagor's tender of the amount due, and brought action in unlawful detainer against the mortgagor's tenants and dispossessed them, and the mortgagor intervened in the action, asking for damages, the mortgagor's subsequent payment of the sum

due to the assignee, and his acceptance and surrender of possession to the mortgagor, without mention of the claim for damages, *held* a complete settlement.

2. COMPROMISE AND SETTLEMENT—ENFORCEMENT OF SETTLEMENT.— Amicable settlements of lawsuits are to be encouraged, and where a settlement has been made, and agreed upon by both parties, accepted and acted upon, it will be enforced by the court.

Appeal from Logan Circuit Court, Northern District; *J. O. Kincannon,* Judge; affirmed.

*Anthony Hall, Dave Partain* and *Cochran & Arnett,* for appellant.

*Rhyne & Blair, White & White* and *Evans & Evans,* for appellee.

McHANEY, J.    This is an action of unlawful detainer brought by appellee, being four separate suits against four defendants, who were tenants of appellant. Appellee claimed to be the owner of the land described in the complaint, on which the defendants resided as tenants, and brought this action to dispossess them. Appellee's title to the property consisted of a mortgage thereon, which it had purchased from the Bank of Ratcliff, and transferred to it in due course by said Bank of Ratcliff, on the 26th day of April, 1926, securing an indebtedness of $3,500 and interest. Appellant had acquired the fee to the property, on which appellee held the mortgage, and, on the 27th day of April, 1926, the day after appellee acquired said mortgage, he tendered to plaintiff a certified check for the principal and interest due on the mortgage, which was refused by appellee, and, two days later, on April 29, he made a legal tender of money in the sum of $3,616.56, which, it is admitted, was the correct amount of principal and interest due at that time to appellee, but it was again refused. Thereafter, on May 22, appellee brought these suits, in which appellant intervened, setting up these facts, and claimed damages against appellee on account of loss of rents by the wrongful action of appellee in bringing these suits and dispossessing his tenants, appellant claiming that he had been damaged not only thereby, but had been unable to

sell or rent the property on account of appellee refusing to accept the money tendered, and release the mortgage, and in bringing this action, claiming right of possession. Thereafter, on October 30, appellee notified appellant that it was willing to accept the money tendered, and appellant paid his original tender, and it thereafter conceded appellant's right to the property, and released all claim it had thereto. At the conclusion of the testimony the court instructed a verdict for appellee on the ground that the payment of the amount due on the mortgage while the suit was still pending, without reserving any part thereof for damages, was a settlement of the whole matter as between appellant and appellee. Judgment was entered accordingly, from which comes this appeal.

We think the court was right in holding that the whole matter had been settled between the parties by the payment of the amount of the mortgage and the surrender of the property to appellant by appellee. Amicable settlements of lawsuits are to be encouraged, and, where a settlement has been made, agreed to by both parties and accepted and acted upon, it will be enforced by the court. So, when appellant paid appellee the whole of its mortgage and it surrendered to him all its rights, claims or interest in or to said property, he said nothing about insisting upon any damages, but, by his silence, led appellee to believe that the payment and release ended the whole matter. We think the court correctly so held, and the judgment is accordingly affirmed.