GEORGIA-PACIFIC CORPORATION *v.* LINDALL H. NORSWORTHY

5-4516 425 S. W. 2d 320

Opinion delivered March 18, 1968

*Paul Sullins* and *W. D. Rothwell,* for appellant.

*Spencer & Spencer,* for appellee.

CONLEY BYRD, Justice. Georgia-Pacific Corporation appeals from a determination by the circuit court affirming the Workmen's Compensation Commission's decision that the Commission's order of April 23, 1965, did not constitute a "FINAL SETTLEMENT" with appellee Lindall H. Norsworthy within the terms of Ark. Stat. Ann. § 81-1319(1) (Repl. 1960).

The record shows that Norsworthy sustained a compensable injury on May 29, 1963, for which he received compensation and medical benefits without objection from Georgia-Pacific until August 1, 1963. At that time his doctors released him for light work with an estimated permanent partial disability of 7½% to the body as a whole. Norsworthy did not accept the 7½% but instead

employed present counsel and applied for additional total temporary disability and medical treatment. Following an operation Dr. Hundley reported on August 17, 1964, that Norsworthy was able to resume his regular work and that his residual permanent partial disability was 20% of the body as a whole.

Because of a difference of opinion on the issues of when the healing period ended and the amount of permanent partial disability, Georgia-Pacific had the matter set for a hearing on April 28, 1965. Prior to that hearing Georgia-Pacific on April 20, 1965, wrote as follows to the Secretary of the Commission:

"Dear Mr. Cowne:

"The above captioned case, which is set for hearing before the full Commission on Wednesday, April 28, 1965, at 2:30 p.m., has been settled by mutual agreement between the parties on the following basis:

PERMANENT PARTIAL DISABILITY: Computed at 20% resulting in 90 weeks at $35.00 per week or $3,150.00, less a credit due employer of $1,365.00 for compensation paid claimant after healing period ended on June 15, 1964, resulting in a net payment to claimant of $1,785.00. ADDITIONAL ATTORNEY'S FEES: Maximum attorney's fees based on amount of compensation controverted over 7½% and additional medical expenses, less certain credits for fees paid on compensation paid claimant subsequent to the end of the healing period, resulting in a net additional attorney's fee of $177.38.

"We respectfully request that the full Commission enter its order approving the final settlement of this case on the above basis."

Mr. Cowne, Secretary of the Commission, replied:

"Dear Mr. Asher:

"I have your letter dated April 20, 1965, in which you advise that the above case which is set for a hearing before the Full Commission on Wednesday, April 28, 1965, at 2:30 p.m. has been settled by mutual agreement and request the Full Commission to enter an order approving the settlement based on the agreement in your letter.

"In view of your letter, this is to advise that we are cancelling the hearing scheduled in the above case for April 28, 1965, and are removing this case from our hearing docket at this time.

"Before we submit this case to the Full Commission for an order and so that our records might be complete, we are by copy of this letter requesting Attorney J. V. Spencer, Jr., to please confirm the agreement as set out in your letter of April 20, 1965.

"As soon as we have heard from Attorney J. V. Spencer, Jr. this matter will be submitted to the Full Commission for an order to be entered."

After receiving copies of both letters Mr. J. V. Spencer, Norsworthy's counsel, wrote the Commission:

"Dear Mr. Cowne:

"Pursuant to your letter of April 21, 1965, to Mr. Gerald E. Asher of Georgia-Pacific Corporation, a copy of which was forwarded to this office, this is to advise that the agreement outlined in Mr. Asher's letter of April 20, 1965, is satisfactory with us and with Mr. Norsworthy, and we hereby request that the full Commission enter its order approving this settlement."

On April 23, 1965, the Commission entered the following order:

"The parties hereto have entered into an agreement as set forth in Mr. Asher's letter of April 20, 1965, addressed to Secretary Cowne and confirmed by Mr. Spencer in his letter dated April 22, 1965, addressed to Secretary Cowne.

"Based upon the agreement the Commission herewith finds that claimant's healing period ended June 15, 1964; that as a result of instant injury claimant has sustained a 20% permanent partial disability to the body as a whole which is compensation for a period of 90 weeks producing a sum of $3,-150.00; however, respondent has paid claimant the sum of $1,365.00 to apply on his permanent partial disability leaving the sum of $1,785.00 due claimant. Claimant's attorney is entitled to a net additional attorney fee of $177.38.

"It is, therefore, the order of this Commission that respondent continue payment of compensation to claimant at the weekly rate of $35.00 until the remaining balance of $1,785.00 has been paid. Respondent shall also pay to Mr. J. V. Spencer, Jr. the sum of $177.38 as attorney's fees."

The present controversy arose when claim was made on Georgia-Pacific in August, 1966, for payment of services rendered to Norsworthy by Hundley Orthopedic Clinic and Hickerson Brace Company. The provisions of the Compensation Act dealing with settlements are Ark. Stat. Ann. §§ 81-1320(a) and 81-1319(1) (Repl. 1960). They provide:

"81-1320. *Contracts waiving rights void.*—(a) *Waiver of compensation.* No agreement by an employee to waive his right to compensation shall be valid, and no contract, regulation, or device whatsoever, shall operate to relieve the employer or carrier, in whole or in part, from any liability created by this act [§§ 81-1301—81-1349,] except as specifically provided elsewhere in this act."

"81-1319. *Payment of compensation.*—. . . (1) *Joint petition.* Upon petition filed by the employer or carrier and the injured employee, requesting that a final settlement be had between the parties, the Commission shall hear the petition and take such testimony and make such investigations as may be necessary to determine whether a final settlement should be had. If the Commission decides it is for the best interests of the claimant that a final award be made, it may order such an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same. If the Commission shall deny the petition, such denial shall be without prejudice to either party. No appeal shall lie from an order or award allowing or denying a joint petition."

The rule-making power of the Commission in Ark. Stat. Ann. § 81-1342(f) (Repl. 1960) provides:

"(f) *Administration of act.* For the purpose of administering the provisions of this act [§§ 81-1301 —81-1349] the Commission is authorized (1) to make such rules and regulations as may be found necessary; (2) to appoint and fix the compensation of temporary technical assistants and medical and legal advisers and to appoint and to fix the compensation of clerical assistants and other officers and employees; and (3) to make such expenditures (including those for personal service, rent, books, periodicals, office equipment and supplies, and for printing and binding) as may be necessary. All expenditures of the Commission in the administration of this act shall be allowed and paid from the Workmen's Compensation Fund, upon the presentation of itemized vouchers therefor approved by the Commission."

Pursuant to this authority the Commission promulgated its Rule 19 which provides:

"The Commission strongly discourages use of the Joint Petition as a means of settling cases except in unusual circumstances. No Joint Petition will be approved unless such Petition sets forth the nature of the unusual circumstances and unless such unusual circumstances are proved at a hearing. Such Joint Petition must set forth in detail the reasons its approval will be in the claimant's best interest as required by Section 19 (1) of the Workmen's Compensation Act.

"Joint Petition settlements under Section 19 (1) of the Workmen's Compensation Act will be heard by the Full Commission at its offices in the Justice Building, Little Rock, Arkansas, unless the Commission determines it will be to the best interest of the parties to designate a referee to conduct said hearing for the Full Commission.

"It shall be necessary for the claimant to appear and testify at any hearing. Petitions shall be signed by all parties, including the claimant, and must be verified.

"Under certain circumstances, the Commission may designate referee to hold such hearing at a location convenient to the parties or may direct the taking of a claimant's testimony by deposition or interrogatories.

"In all Joint Petitions where the claimant is represented by an attorney, the amount of agreed attorney's fee shall be set out in the petition. No attorney's fee shall be approved if it exceeds the limitations provided for in Section 32 of the Act."

Since Georgia-Pacific made no attempt to comply with Rule 19, above, we hold that the Commission was

justified in finding that its order of April 23, 1965, was not a final settlement within the meaning of Ark. Stat. Ann. § 81-1319(1), *supra.*

Affirmed.