WALTER BROOKS AND ADRIAN L. FERGUSON *v.*
ARKANSAS-BEST FREIGHT SYSTEM, INC.,
EMPLOYER

5-4946                                444 S. W. 2d 246

Opinion delivered September 2, 1969

*Shaw, Jones, & Shaw,* for appellants.

*Harper, Young & Smith,* for appellee.

J. FRED JONES, Justice. This is a workmen's compensation case and the facts are not in issue. The appellants, Brooks and Ferguson, were claimant employees under the Arkansas Workmen's Compensation Law. Both of them sustained compensable back injuries resulting in permanent total disability and they both filed

petitions to the Workmen's Compensation Commission for lump sum settlements. Their petitions were granted by the Commission and the full amounts payable for permanent total disability were made to them. The petitions were filed and granted under authority of Ark. Stat. Ann. § 81-1319 (k) (Repl. 1960) which is as follows:

> "Whenever the Commission determines that it is for the best interest of the parties entitled to compensation, and after due notice to all parties in interest of a hearing, the liability of the employer for compensation may be discharged by the payment of a lump sum equal to the present value of all future payments of compensation computed at four (4%) per centum discount, compounded annually. The probability of the death of the injured employee or other persons entitled to compensation before the expiration of the period during which they are entitled to compensation shall, in the absence of special circumstances making such course improper, be determined in accordance with the American Experience Table of Mortality. The probability of the happening of any other contingency affecting the amount or duration of compensation shall be disregarded, except the possibility of the remarriage of the widow which shall be determined in accordance with the Danish Annuity and Dutch Remarriage Table."

After receipt of the lump sum payments, Brooks and Ferguson required additional medication for the treatment of their injuries, and claims were filed for the medical expenses accruing both before and after the lump sum payments but not specifically included therein. The employer voluntarily paid the medical bills accruing prior to the lump sum payments, but the claims for additional medical benefits accruing subsequent to the lump sum awards were controverted on the theory that the employer had discharged its entire liability and

fully settled all claims, both present and future, by the payment of the lump sums under the award.

The Commission awarded the additional medical payments and on appeal to the Sebastian County Circuit Court the cases were consolidated and the awards of the Commission were reversed, the circuit court holding that the employer had discharged its total liability under the statute, by the payment of the lump sum awards.

Brooks and Ferguson have appealed to this court on the single question of law as to whether the payment of compensation for permanent disability in one lump sum under the Workmen's Compensation Law of Arkansas discharges the employer or his compensation insurance carrier from additional liability for medical services and treatment occurring in the future.

Under the "definitions" section of the Workmen's Compensation Law, Ark. Stat. Ann. § 81-1302, subsection (i) (Repl. 1960), is found the following:

> " 'Compensation' means the money allowance payable to the employee or to his dependents, and includes the allowances provided for in section 11 [§ 81-1311,] and funeral expense."

Ark. Stat. Ann. § 81-1311 (Repl. 1960), above referred to, reads in part as follows:

> "Medical and hospital services and supplies. The employer shall promptly provide for an injured employee such medical, surgical, hospital and nursing service, and medicine, crutches, artificial limbs and other apparatus as may be necessary during the period of six [6] months after the injury, or for such time in excess thereof as the Commission, in its discretion, may require. If the employer fails to provide the services or things mentioned in the fore-

going sentence within a reasonable time after knowledge of the injury, the Commission may direct that the injured employee obtain such service or thing at the expense of the employer, and any emergency treatment afforded the injured employee shall be at the expense of the employer.''

Thus, it is seen that medical services and funeral expenses, as well as money allowance payable to the employee, are included in the broad general statutory definition of ''compensation.'' In the context of benefits to the employee which are to be secured by the employer under the statute, Ark. Stat. Ann. § 81-1305 (Repl. 1960), compensation payable to the employee for disability and the amounts payable in medical expenses are in the same category, but here the analogy ends.

Except as set out in the definition, the term ''compensation,'' as used throughout the statute, obviously refers to money benefits paid to the injured employee for disability. As examples,

Ark. Stat. Ann. § 81-1310 (Repl. 1960):

''*Compensation to the injured employee* shall not be allowed for the first seven [7] days' disability . . . *compensation shall commence* with the ninth [9th] day of disability . . .

*Compensation payable to an injured employee* for disability shall not exceed . . .

*Compensation payable to the dependents* for the death of an employee shall not exceed . . .'' (Emphasis supplied.)

Ark. Stat. Ann. § 81-1312 (Repl. 1960):

''*Compensation shall be computed* on the average weekly wage . . .'' (Emphasis supplied.)

Ark. Stat. Ann. § 81-1313 (Repl. 1960) provides:

*"Compensation for disability.* The money allowance payable to an injured employee for disability shall be as follows:

\* \* \*

(c) Scheduled permanent injuries: An employee who sustains a permanent injury scheduled in this subsection shall receive, *in addition to compensation for the healing period,* sixty-five per centum [65%] of his average weekly wage for that period of time set out in the following schedule:

\* \* \*

(d) Other cases: A permanent partial disability not scheduled in subsection (c) hereof shall be apportioned to the body as a whole, which shall have a value of 450 weeks, and *there shall be paid compensation to the injured employee* for the proportionate loss of use of the body as a whole resulting from the injury.\* \* \*" (Emphasis supplied.)

Ark. Stat. Ann. § 81-1319 (Repl. 1960) provides:

"(a) *Compensation shall be paid directly to the person entitled thereto* without an award, except in those cases where liability has been controverted by the employer. If the compensation beneficiary is a mental incompetent or a minor of tender years or immature judgment, the Commission may in the exercise of its discretion direct that payment shall be made to a legally appointed guardian of the estate of such incompetent or minor.

(b) *The first instalment of compensation* shall become due on the fifteenth (15th) day after the employer has notice of the injury or death, as provided in section 17 [§ 81-1317,] on which date *all compensation then accrued shall be paid.* Thereafter *compensation shall be paid every two* [2] *weeks* except where the Commission directs that instalment payments be made at other periods.

(c)  Upon making the first payment and *upon suspension of payment of compensation* the employer shall notify the Commission of such fact on a form prescribed by the Commission.

\* \* \*

(e)  If *any instalment of compensation payable* without an award is not paid within fifteen (15) days after it becomes due, as provided in subsection (b), there shall be added to such unpaid instalment an amount equal to six (6) per centum thereof . . .

\* \* \*

(g)  *Compensation shall bear interest* at the legal rate from the day an award is made by either a Referee or the full Workmen's Compensation Commission, *on all accrued and unpaid compensation.*

(h)  Within thirty (30) days after *the final payment of compensation* has been made, the employer shall send to the Commission . . .

(i)  The Commission may upon its own initiative at any time where compensation payments are being made without an award, and shall in any case where the right to compensation has been controverted or where payments of compensation have been suspended, or where an employer seeks to suspend payments made under an award, or on application of an interested party, make such investigation, cause such medical examination to be made, hold such hearings, and take such further action as the Commission deems proper for the protection of the rights of all parties.

(j)  The Commission may require any employer to make a deposit or bond with the Commission to secure the prompt and convenient payment of such compensation, and payments therefrom shall be made upon order of the Commission.'' (Emphasis supplied.)

Having in mind the three divisions, or categories,

of "compensation" as money allowance for disability, medical services and funeral expenses, we now return to the lump sum awards in these cases. There is no question that the amounts of the lump sum awards were calculated only on the money allowance for disability due the claimants for their 100% permanent disabilities. The award to Brooks concludes as follows:

"Therefore, upon payment by the respondents of $3,962.54 to the claimant, Walter Brooks, and upon payment to Mr. E. C. Gilbreath, attorney for claimant, the maximum attorney's fee as provided by the Arkansas Workmen's Compensation Act, the liability of the respondents for compensation for 100% permanent disability to the body as a whole is discharged."

It is obvious to us from the wording of the statute, that there are two kinds of compensation benefits to which an injured employee may be entitled and which the employer is obligated to secure to the employee. (1) The money allowance payable to an injured employee for disability (§ 81-1313), and (2) medical and hospital services and supplies (§ 81-1311).

Funeral expenses are also specifically included in the definition of compensation, but Ark. Stat. Ann. § 81-1315 (a) and (b) provide:

"If death results from the injury the employer shall pay the reasonable funeral expenses, not exceeding the sum of two hundred and fifty ($250.00) dollars.

If death does not result within one [1] year from the date of the accident, or within the first three [3] years of the period for compensation payments fixed by the compensation order, a rebuttable presumption shall arise that such death did not result from the injury."

As appellee would have us interpret the statute, funeral expenses would not be available under the statute where death results from injury and when the deceased employee had been paid any of the compensation due him in one lump sum. We cannot believe that such results were the intent of the statute.

The appellants contend that the appellee can only discharge and settle both its present and future liability for all compensation benefits under a joint petition as provided in Ark. Stat. Ann. § 81-1319 (1) (Repl. 1960), as follows:

"(1) Upon petition filed by the employer or carrier and the injured employee, requesting that a final settlement be had between the parties, the Commission shall hear the petition and take such testimony and make such investigations as may be necessary to determine whether a final settlement should be had. If the Commission decides it is for the best interests of the claimant that a final award be made, it may order such an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same. If the Commission shall deny the petition, such denial shall be without prejudice to either party. No appeal shall lie from an order or award allowing or denying a joint petition."

We agree with the appellants. As additional evidence of the correctness of their contention, Ark. Stat. Ann. § 81-1326 (Repl. 1960) provides:

"Except where a joint petition settlement has been approved the Commission may at any time within six [6] months of termination of the compensation period fixed in the original compensation order or award, upon its own motion or upon the applica-

tion of any party in interest, on the ground of a change in physical condition or upon proof of erroneous wage rate, review any compensation order, award or decision, and upon such review may make an order or award terminating, continuing, decreasing or increasing for the future the compensation previously awarded, subject to the maximum limits provided for in this act [§§ 81-1301—81-1349]. Such review and subsequent order or award shall be made in accordance with the procedure prescribed in section 12 [§ 81-1323] hereof. No such review shall affect any compensation paid pursuant to a prior order or award. The Commission may at any time correct any clerical error in any compensation order or award.''

No compensation is payable to the employee for the first week of his disability unless he is disabled for as long as four weeks under § 81-1310 (a), supra, but he is entitled to prompt medical treatment under § 81-1311, supra.

It is obvious to us, and we therefore hold, that the liability of the employer that may be discharged by a lump sum payment under § 81-1319 (k), supra, can only relate to liability for such future payments of compensation as are capable of determination and reduction to present value, and that a lump sum settlement does only discharge the employer's liability for such compensation as is included in the lump sum award. We do not say that compensation in the form of accrued but unpaid medical expenses cannot be included in a lump sum settlement so as to discharge the employer from liability therefor, but we do say that was not done in the cases before us.

We find no difficulty in concluding that the liability of an employer must first be determined before the value of future payments of compensation can be ascertained and reduced to present value for the purposes of

a lump sum settlement, and we do not strain the liberal construction doctrine in holding that a lump sum settlement does not discharge the employer from liability for the payment of compensation not susceptible of determination and not contemplated nor included in the lump sum settlement.

The judgment of the circuit court is reversed.