LINDALL H. NORSWORTHY *v.*
GEORGIA-PACIFIC CORPORATION

5-5350                                    458 S. W. 2d 401

Opinion delivered October 12, 1970

*Spencer & Spencer,* for appellant.

*Paul Sullins,* for appellee.

LYLE BROWN, Justice. In this workmen's compensation award for additional compensation the commission took the position that ten percent of the recovery was the maximum attorney's fee allowable. Claimant Norsworthy appeals, contending that each additional recovery constitutes a new claim and therefore it is possible that he could recover up to thirty percent for attorney's fee. Ark. Stat. Ann. § 81-1332 (Repl. 1960). Georgia-Pacific Corporation cross-appeals, contending that the additional award was excessive.

Appellant-claimant was injured May 29, 1963. Georgia-Pacific paid compensation until August 1, 1963, when appellant's doctors released him for light work and estimated permanent partial disability at 7½% to the body as a whole. Appellant disagreed with the percentage of disability and hired counsel, whereupon appellant petitioned for substantial temporary total disability and medical treatment. That petition resulted in an order of the commission dated April 23, 1965, which was agreeable to the parties. It recited that claimant had sustained an injury which resulted in 20% permanent partial disability to the body as a whole; that the disability entitled claimant to ninety weeks compensation, producing $3150; and that claimant's attorney was entitled to the maximum fees over and above the 7½% which was not controverted. As a result the attorney received 30% of $1000, 20% of the next $1000, and 10% of the remainder.

In 1968 we handed down *Georgia-Pacific v. Norsworthy,* 244 Ark. 399, 425 S. W. 2d 320. There it was held that the order of the commission, from which we have just recited, was not based on a final settlement between the parties. That decision permitted Norsworthy to pursue a claim for additional disability and more surgery.

After the decision in *Norsworthy* there was performed a second spinal fusion in the low back. That expense was paid by Georgia-Pacific, along with temporary total disability resulting from the surgery. As to Norsworthy's claim for disability exceeding the fixed 20% the commission, in January 1970, found claimant's permanent partial disability to have increased to 60% to the body as a whole. The commission fixed the attorney's fee at 10% of the amount of the additional award. The fee was described as being the "maximum allowed by the Act." The circuit court affirmed. This appeal and cross-appeal followed.

*The Attorney's Fee.* The portions of § 81-1332 fixing the maximum amount of attorney fees are as follows:

Fees for legal services rendered in respect of a claim shall not be valid unless approved by the Commission, and such fees shall not exceed thirty per centum (30%) on the first one thousand dollars ($1000) of compensation, or part thereof, twenty percentum (20%) on all sums in excess of one thousand dollars ($1000), but less than two thousand dollars ($2000) of compensation, and ten percentum (10%) on all sums of two thousand dollars ($2000) or more of compensation. . . . In any case where attorneys' fees are allowed by the Commission, the limitations expressed in the first sentence herein shall apply.

Claims for additional disability are treated in § 81-1318(b) (Supp. 1969). It fixes the time limits for such an application; it makes no reference to attorney fees.

Appellant contends that the statute from which we have quoted is authority for treating a claim for additional compensation as a new claim and without consideration to the fact that an attorney's fee has previously been paid on the basis of the original claim. He stresses the use in the statute of the phrase, "services rendered in respect of a claim." Likewise, § 81-1318(b) refers to "a claim for additional compensation." When

we consider all the provisions of § 81-1332 we conclude that appellant has adopted a strained construction of the section.

In the first place it would have been an easy matter for the General Assembly to have provided that an additional claim would be considered an independent action insofar as attorney fees were concerned. More importantly, the fixing of the attorney's fee is not necessarily tied to *a claim;* rather, it is tied to *compensation.* The maximum fees are fixed not to exceed certain percentages of *compensation received.* Then in the last quoted sentence from § 81-1332 it is provided that "in any case" wherein attorneys' fees are allowed, the fixed limitation shall govern. So it appears to us that a claim for additional compensation is to be treated as a continuation of the original demand for compensation and that in fixing the attorney's fee thereon the action of the commission in the parent case is to be appropriately considered. Finally, we consider it of some significance that § 81-1332 is in the nature of a restrictive statute. No fee for legal services is valid unless approved by the commission; the maximum fee shall not exceed certain percentages of compensation awarded; and the commission shall observe the fixed limitations *in any case.*

The finding of the commission that claimant has suffered a 60% permanent partial disability as a whole is supported by substantial evidence. Of course we view the facts in the light most favorable to the commission's findings.

Claimant has had two operations on his back. The objectives of both those operations were to effect a spinal fusion. Both doctors now recommend a third operation, an interior interbody fusion on the low back. One doctor fixed claimant's functional loss as 40% while the other physician rated the loss at 40% to 50%. Norsworthy testified that he has worked in the parts department of a motor company since his injury; that he cannot do all the work by himself, such as

lifting heavy parts; that his employer is a close personal friend and is helpful to Norsworthy in avoiding lifting; that he has pain in his back most of the time, which is aggravated by coughing and sneezing; that he cannot stand in one place for more than a few minutes and cannot sit for any length of time; that some days he cannot work at all. He is 29 years of age, a high school graduate, and has had no vocational training. He asserted that he loses considerable time from his present job and that he would not be able to maintain his employment except for the special consideration shown by his employer.

The only contention made by appellee on cross-appeal is that the evidence does not support an award in excess of 40% permanent partial disability, and that it is shown that claimant was leading a "pretty normal life." To support that theory Georgia-Pacific emphasizes that claimant engaged .in hunting. The doctors prescribed walking as therapy and we cannot agree that claimant should be penalized because he engaged in a sport involving considerable walking. It is also true, as pointed out by Georgia-Pacific, that appellant's earnings are presently equal to his former wages. That fact does not of itself defeat the claim for benefits; his *capacity to continue* to draw equal wages is an additional and significant factor. *Abbott* v. *Leavell*, 244 Ark. 544, 426 S. W. 2d 166 (1968).

Affirmed on appeal and cross-appeal.