## JACOB HARTZ SEED COMPANY and GLENS FALLS INSURANCE COMPANY v. Ross THOMAS

5-6030                                    485 S.W. 2d 200

Opinion delivered October 9, 1972

*Teague, Bramhall, Davis & Plegge,* for appellants.

*Bruce Bennett,* for appellee.

JOHN A. FOGLEMAN, Justice. The sole question presented by this appeal is whether the Workmen's Compensation Commission must conduct a new hearing on a second joint petition for final settlement of a claim after a hearing has been held on a prior joint petition but before an order disposing of the first petition has been entered. The circuit court held that the commission must hold a new hearing, and that the approval of the second petition in this case without a separate hearing did not deprive the commission of jurisdiction to entertain the claimant's petition requesting a determination of the status of his compensation claim.

We agree with the circuit court. The first joint petition was signed on March 2, 1970. It provided for the payment of $4,910 of which $500 had been advanced by the carrier, Glens Falls Insurance Company, to appellee Thomas as consideration for the joint settlement petition. The remaining $4,410 was based upon a 20% permanent partial disability to the body as a whole, agreed upon to settle the question of the extent of the disability suffered by Thomas. A hearing was held on this petition on March 13, 1970, but the referee to whom the petition was assigned for hearing took the matter under advisement, informing the petitioner of his right to ask for a hearing of his case before the full com-

mission if the petition was disapproved, and of the total loss of the commission's jurisdiction of the claim if the petition was granted.

The second petition was signed and filed on March 18, 1970. An amendment having the effect of increasing the indicated payment was then made with the approval of the carrier, but without notice to the claimant. This amended petition provided for the payment of an additional $1,705 for the joint settlement or a net recovery of $6,115 by Thomas over and above the $500 previously advanced him.

The procedure taken to dispose of this claim is authorized by Ark. Stat. Ann. § 81-1319 (1) (Repl. 1960), which reads:

> Upon petition filed by the employer or carrier and the injured employee, requesting that a final settlement be had between the parties, the Commission shall hear the petition and take such testimony and make such investigations as may be necessary to determine whether a final settlement should be had. If the Commission decides it is for the best interests of the claimant that a final award be made, it may order such an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same. If the Commission shall deny the petition, such denial shall be without prejudice to either party. No appeal shall lie from an order or award allowing or denying a joint petition.

In implementation of this section, the commission adopted its Rule 19, which provides:

> The Commission strongly discourages use of the Joint Petition as a means of settling cases except in unusual circumstances. No Joint Petition will be approved unless such Petition sets forth the nature of the unusual circumstances and unless such unusual circumstances are proved at a hearing. Such Joint Petition must set forth in detail the reasons

its approval will be in the claimant's best interest as required by Section 19 (1) of the Workmen's Compensation Act.

Joint Petition settlements under Section 19 (1) of the Workmen's Compensation Act will be heard by the Full Commission at its offices in the Justice Building, Little Rock, Arkansas, unless the Commission determines it will be to the best interest of the parties to designate a referee to conduct said hearing for the Full Commission.

It shall be necessary for the claimant to appear and testify at any hearing. Petitions shall be signed by all parties, including the claimant, and must be verified.

Under certain circumstances, the Commission may designate referee to hold such hearing at a location convenient to the parties or may direct the taking of a claimant's testimony by deposition or interrogatories.

The necessity for extreme caution in approving such settlements so clearly recognized by the commission's procedural rule lies in the fact that any award based thereon finally concludes all rights of the parties, even foreclosing any right of appeal from the order of approval. This is the only procedure under our act which leaves the claimant without any further remedy, regardless of subsequent developments. See *Brooks* v. *Arkansas-Best Freight System, Inc.,* 247 Ark. 61, 444 S.W. 2d 246. It is necessary that the interest of both the employee and the public be protected in these hearings. The employee is seldom as well informed in these matters as the employer or carrier. Unusual circumstances that would make approval of the first petition in the employee's interest might not exist in the case of a second petition even though the only difference be in the amount of payment. The employer or carrier, during the intervening period, might be informed of material matters not known at the first hearing, which would prompt it to change its offer of settlement. The public, as the bearer of the ultimate burden of compensation protection, has

a material interest in the minimization of the risk of an injured employee becoming the object of public charity or public relief. See *Hunter* v. *Summerville,* 205 Ark. 463, 169 S.W. 2d 579; *Williams Mfg. Co.* v. *Walker,* 206 Ark. 392, 175 S.W. 2d 380.

It is proper then that the commission withhold approval of such a settlement in the absence of proof of unusual circumstances making a final award based upon the settlement in the best interest of the claimant. It is appropriate that the commission, in order to assure that the interests of all concerned are protected, require, as Rule 19 does, that the claimant appear and testify at *any* hearing. We have heretofore emphasized the importance of a hearing on final settlement petitions and of strict compliance with statutory requirements in all respects. See *Georgia-Pacific Corporation* v. *Norsworthy,* 244 Ark. 399, 425 S.W. 2d 320; *Cook* v. *Brown,* 246 Ark. 11, 436 S.W. 2d 482.

When we consider the effect of the approval of such a settlement, a liberal construction of the act favorable to the claimant[1] clearly mandates a separate hearing upon any and all such joint petitions. We do not believe that the requirements of the statute can adequately be met if we accept appellants' arguments. They contend that we should consider the two petitions as one, that the hearing on the petition can precede its filing, and that all matters relevant to the second petition were as fully developed in the first hearing as they might have been if another hearing had been held, especially when a larger payment to the claimant was provided for in the second petition. The reasons requiring a claimant's presence at a hearing on one petition still exist whenever another petition is presented.

We affirm the judgment of the circuit court holding that, because no separate hearing was held on the second petition, the commission still has jurisdiction of appellee's claim.

---

[1]In order to effectuate the beneficent and humane purposes of the Workmen's Compensation Act, we construe and apply statutory provisions liberally in favor of the claimant, resolving all doubtful cases in his favor. *International Paper Co.* v. *Tidwell,* 250 Ark. 623, 466 S.W. 2d 488.