346 So.2d 266 (1977)
Mrs. Calvin J. PEPITONE et al.
v.
STATE FARM MUTUAL INSURANCE COMPANY et al.
No. 8066.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 1977.
*267 M. L. Juran and Jerome Friedman, Metairie, for plaintiff-appellant.
Dillon & Williams, Robert E. Birtel, New Orleans, for intervenor-defendant in reconvention.
Before SAMUEL, GULOTTA and BOUTALL, JJ.
SAMUEL, Judge.
Plaintiffs, the widow and sons of decedent, Calvin J. Pepitone, filed this tort suit against several defendants and their liability insurers seeking damages for decedent's alleged wrongful death as a result of an automobile accident.
Mr. Pepitone was employed as an electrical inspector for the Parish of Jefferson. Fireman's Fund Insurance Company, the parish's workmen's compensation insurer, intervened in the tort suit to recover all workmen's compensation benefits paid to the widow from any money damages which might be awarded her. Plaintiffs filed an answer and a reconventional demand to the petition of intervention. The answer generally denies the allegations of the petition, which denials are based on a lack of information, and the reconventional demand seeks enforcement of what plaintiffs contend to be a contract of settlement of the workmen's compensation claim in the sum of $13,000 and judicial approval of that settlement. Fireman's Fund then filed an exception of no cause of action to the reconventional demand. Plaintiffs have appealed from a judgment maintaining the exception and dismissing their reconventional demand.
The accident occurred on June 19, 1974 and Mr. Pepitone died from his injuries on June 25, 1974. Thereafter, plaintiffs made claim against Fireman's Fund for workmen's compensation benefits, and Fireman's Fund commenced weekly payments of $65.
Relative to the alleged contract of settlement, the reconventional demand alleges: On February 6, 1975 a representative of Fireman's Fund wrote plaintiffs' attorney inquiring of the possibility of a lump sum settlement of the workmen's compensation claim; on February 10, 1975 plaintiffs' attorney answered requesting the company make an offer of settlement; on February 20, 1975, another representative of Fireman's Fund wrote plaintiffs' attorney offering to settle the claim for $13,000; on July 9, 1975, plaintiffs' attorney wrote Fireman's Fund accepting the $13,000 offer; and Fireman's Fund refused to pay the $13,000 "offered and accepted in writing." In the July 9, 1975 letter plaintiffs' attorney informed Fireman's Fund of the filing of this tort suit arising out of the automobile accident, in which suit Fireman's Fund (as liability insurer of the Parish of Jefferson) is a named defendant. Fireman's Fund then refused to go forward with the compensation compromise agreement and intervened in the tort suit to recover sums paid to Mrs. Pepitone.
The question presented is whether the letter acceptance of intervenor's offer to settle the workmen's compensation claim for $13,000 was a binding contract of compromise which the compensation insurer could not unilaterally repudiate. Plaintiffs contend the agreement must be performed by Fireman's Fund to the extent of submitting the compromise to the court for the latter's approval.
Matters involving compensation claims are governed exclusively by the Workmen's Compensation Act (LSA-R.S. 23:1021 et seq.) and the general law of contracts is inapplicable when in contravention of the provisions of that act.[1] In compensation cases, an additional formality is imposed by R.S. 23:1272 which requires: "The agreement entered into between the employee or his dependents and the employer or his insurer, shall be presented to the *268 court for its approval upon a joint petition verified by all parties thereto."
As the above quoted requirement of judicial approval of compensation settlements is necessary to protect the parties from unwise actions which may cause them serious detriment, and as that requirement appears to us to contemplate a proposed settlement to which all parties must agree at the time of the verifying and filing of the joint petition,[2] we are satisfied that any party may unilaterally withdraw from the agreement prior to that time. Certainly, an employee or his dependents who had agreed to accept a settlement could withdraw from that agreement at any time prior to verification and filing, and we see no reason why the employer and his insurer cannot do the same thing.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] See Puchner v. Employers' Liability Assur. Corporation, 198 La. 921, 5 So.2d 288.
[2] We do not consider the question of unilateral withdrawal after verification and filing but before court approval. That question is not before us.