# SALANT AND SALANT, INC. and AETNA INSURANCE COMPANY *v.* Peggy WILLIAMS

CA 79-206                                    593 S.W. 2d 63

Opinion delivered January 9, 1980
Released for publication January 30, 1980

*Rieves, Rieves & Shelton,* by: *David C. Shelton,* for appellants.

*Youngdahl, Larrison & Agee,* for appellee.

JAMES H. PILKINTON, Judge. This is a workers' compensation case, and the issue here is whether a claim for additional medical expenses incurred by appellee-claimant should be paid by appellants or by appellee.

A hearing was held on January 31, 1979, to determine if appellee was entitled to such additional compensation benefits. At this hearing it was stipulated that appellee had sustained a compensable injury on November 15, 1972. The appellee contended that the claim was initially accepted as compensable and appellants paid benefits through August 11, 1977; that appellee incurred additional medical expenses within one year with the knowledge and consent of the appellant-employer in May 1978. Appellee contended that appellants should pay for the additional medical treatment. The appellants contended that the claim was barred by the statute of limitations.

Subsequent to the hearing the law judge filed an opinion dated March 30, 1979, and this opinion was adopted by the full commission by an opinion rendered August 2, 1979. It is

from the decision of the Arkansas Workers' Compensation Commission rejecting appellant's argument that this appeal is taken. The commission held that appellee was entitled to the additional compensation benefits under the law and facts of this case.

The question on appeal is whether there is substantial evidence to support the decision of the commission, resolving all inferences and doubts in favor of the claimant. *Aluminum Company of America* v. *Henning,* 260 Ark. 699, 543 S.W. 2d 480; *Jacob Hartz Seed Co.* v. *Thomas,* 253 Ark. 176, 485 S.W. 2d 200; *Southwestern Bell Telephone Company* v. *Brown,* 256 Ark. 54, 505 S.W. 2d 207.

The claimant-appellee introduced two statements from Dr. G. P. Schoettle. These verify that the claimant was seen in the doctor's office on June 1, 1977 and May 26, 1978. There was also in evidence a doctor's report form dated September 20, 1978, indicating that claimant had a myofacial strain of the back; that the *treatment* was heat, rest and medication; and that the patient was *not discharged*.

The claimant testified that she had not experienced any injuries to her back other than the compensable injury in 1972. She also stated that Dr. Schoettle had been her doctor during the entire period of time, and that there was no year that she had not seen Dr. Schoettle at least once during the year for treatment. Claimant further testified that the appellant-employer was aware that she was going to the doctor because it was a requirement that she report to the employer each time before she actually went to the doctor, and that she did so report. On the particular occasion in May 1978, claimant testified she contacted the Personnel Manager, Ms. Charlsey Garrison, and advised her that she was going to the doctor. This testimony is not contradicted.

The record also shows that appellee-claimant testified that Dr. Schoettle treated her with rest, medication and advised her to apply heat to her back. She stated that she carried out his instructions and applied the heat treatment at her home, and took prescription medication given by the doctor.

Appellants have cited no case in point to support their contention that the statute of limitations would run in a case such as we have before us. The appellant company furnished appellee medical treatment in May 1978, as it had done since 1972. Clearly this was within one year from the date of last treatment which was in June 1977. Therefore, this case is governed by the holding in *Reynolds Metal Co.* v. *Brumley*, 226 Ark. 388, 290 S.W. 2d 211. See also *Heflin* v. *Pepsi Cola Bottling Co.*, 244 Ark. 195, 424 S.W. 2d 365. The commission found that the medical treatment afforded claimant in June 1977 and again in May 1978 effectively tolled the running of the statute of limitation under the facts of this case. We hold that there is substantial evidence to support the findings and decision of the commission. Therefore we affirm.