## Polly ODOM *v.* TOSCO CORPORATION and HARTFORD INSURANCE COMPANY

CA 82-325

672 S.W.2d 915

Court of Appeals of Arkansas
Division I
Opinion delivered July 5, 1984

*Denver L. Thornton,* for appellant.

*Griffin, Rainwater & Draper,* for appellee.

TOM GLAZE, Judge. This workers' compensation appeal results from the Commission's refusal to enforce a joint petition settlement agreement, because the claimant died before a hearing was conducted on the joint petition. A review of the procedure by which this appeal has evolved is necessary to a clear understanding of our disposition of the case.

The claimant, Polly Odom, now deceased, suffered a compensable back injury when she fell on some stairs at work on September 5, 1978. She continued her job as an accounting clerk until October 20, 1978, when she became unable to work because of pain. She attempted to return to work on February 19, 1979, but the company fired her at that time, discontinued her salary on February 28, 1979, and stopped paying for her therapy in March of 1979. A hearing was conducted before an administrative law judge on November 14, 1979. Appellees admitted that claimant was entitled to 10% permanent partial disability, but through an oversight, appellees paid nothing until after a decision was rendered in a second hearing conducted on July 16, 1981. The law judge filed his opinion on March 11, 1982. He set

claimant's permanent partial disability at 35% to the body as a whole. He also found controversion of all benefits in excess of 10% to the body as a whole. On May 19, 1982, the appellees paid the claimant $3,937.50, representing 10% permanent partial disability benefits that had not been paid because of an "in-house oversight." On June 23, 1982, on appeal and cross-appeal, the Commission affirmed the decision of the administrative law judge except on the controversion issue. The Commission found the record inadequate to determine whether the initial 10% permanent partial disability had been controverted and, if so, which one of the claimant's two attorneys was entitled to the fee. The Commission said:

> [I]f the parties themselves have not resolved these two issues by negotiation and agreement when this decision has become final, these two questions will have to be presented to the Administrative Law Judge for appropriate evidentiary development and decision. It will be the responsibility of the parties to request such a hearing before the Administrative Law Judge.

The appellant appealed and the appellees cross-appealed the Commission's decision to this Court. While the appeal was pending, appellant filed a motion to remand to the Commission for the parties to enter a joint petition. We granted the motion to remand on December 2, 1982. A hearing on the joint petition was scheduled for December 15, 1982. On December 9, 1982, the claimant died from a condition unrelated to her compensable injury.

A hearing was held before an administrative law judge on March 1, 1983, to determine whether the joint petition settlement should be approved. Henry Odom, husband of Polly Odom, appeared as administrator of her estate. The law judge determined that, under § 19(1) of the Workers' Compensation Act, an agreement for settlement between the parties has no effect on the parties' rights until a hearing is conducted by the Commission. Ark. Stat. Ann. § 81-1319(1) (Repl. 1976). Therefore, the law judge denied the joint petition, not on substantive, but on procedural grounds. The Commission affirmed and adopted the decision of the law judge. On this appeal, appellant claims the Com-

mission erred in not approving and enforcing the joint petition settlement. Appellant asks this Court to enforce the settlement agreement or, in the alternative, to decide the original appeal on its merits.

In support of the contention that the Commission should have approved the joint petition settlement, appellant cites a number of cases to illustrate that the policy of the law is to favor, to encourage, and to enforce compromise settlements. *See, e.g., St. Paul Fire and Marine Insurance Co.* v. *Wood,* 242 Ark. 879, 416 S.W.2d 322 (1967); *Squires* v. *Beaumont,* 233 Ark. 489, 345 S.W.2d 465 (1961); and *Jacobs* v. *American Bank and Trust Co.,* 175 Ark. 507, 299 S.W. 749 (1927). However, the cases cited by appellant do not deal with the joint petition procedure required under the workers' compensation laws. *St. Paul Fire and Marine Co.* v. *Wood* dealt with a tort claim and subrogation under § 81-1340 (Repl. 1960); *Squires* v. *Beaumont* involved a lawsuit for damages between two business associates over a construction project in which they were involved; and *Jacobs* v. *American Bank and Trust Company* concerned an unlawful detainer action; the "settlement" was between the assignee of the mortgagee and the mortgagor.

Although the court in each of the foregoing cases stated that the law favors compromise settlements, that general rule does not apply to joint petition settlements. Section 81-1319(1) provides:

> (1) Joint petition. Upon petition filed by the employer or carrier and the injured employee, requesting that a final settlement be had between the parties, the Commission shall hear the petition and take such testimony and make such investigations as may be necessary to determine whether a final settlement should be had. If the Commission decides it is for the best interests of the claimant that a final award be made, it may order such an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same. If the Commission shall deny the petition, such

denial shall be without prejudice to either party. No appeal shall lie from an order or award allowing or denying a joint petition.

The Commission's own Rule 19 provides, in part, as follows:

The Commission discourages the use of the Joint Petition as a means of settling cases except in unusual circumstances.

Rule 19, *Arkansas Workers' Compensation Law and Rules of the Commission* (1982).

In *Jacob Hartz Seed Co.* v. *Thomas*, 253 Ark. 176, 485 S.W.2d 200 (1972), the Court said about joint petition settlements:

The necessity for extreme caution in approving such settlements so clearly recognized by the commission's procedural rule lies in the fact that any award based thereon finally concludes all rights of the parties, even foreclosing any right of appeal from the order of approval. This is the only procedure under our act which leaves the claimant without any further remedy, regardless of subsequent developments.

*Id.* at 179, 485 S.W.2d at 202.

We cannot agree with appellant's arguments that this joint petition settlement should be enforced as any other contract of settlement with the administrator serving as a substitute for the deceased claimant. Nor can we agree that the actual hearing required by our statute is purely administrative and does not affect the rights of the parties. The Commission's Rule 19, quoted in part above, provides further:

No Joint Petition will be approved unless such Petition sets forth the nature of the unusual circumstances and unless such unusual circumstances are proved at a hearing.

. . .

It shall be necessary for the claimant to appear and testify at a Joint Petition hearing. Petitions shall be signed by all parties, including the claimant, and must be verified.

. . .

Under certain circumstances, the Commission may designate or direct the parties to take claimant's testimony by deposition or interrogatories.

Rule 19, *Arkansas Workers' Compensation Laws and Rules of the Commission (1982)*.

*In Georgia-Pacific Corp.* v. *Norsworthy,* 244 Ark. 399, 425 S.W.2d 320 (1968), the Court affirmed the Commission in finding that a settlement agreement was not final within the meaning of section 19. In that case, the employer and the claimant reached an agreement they referred to as a "final settlement." On the basis of letters to the Commission from the parties' attorneys, the Commission cancelled a scheduled hearing and entered an order incorporating the parties' agreed-upon terms of payment. When a claim was filed for payment of medical services outside the scope of the settlement, Georgia-Pacific refused to pay. The Court quoted the Commission's Rule 19 and found that Georgia-Pacific had made no attempt to comply with the rule. Therefore, the Court said, the Commission was justified in finding that its own order was not a final settlement within the meaning of the joint petition provision.

What the appellant asks us to do in this case would require that we ignore the Commission's own procedures and the prior Arkansas cases on joint petitions. Because the precise facts at bar have not been presented previously to us, we have examined cases from other jurisdictions. *See, e.g., Rogers* v. *Concrete Sciences, Inc.,* 394 So.2d 212 (Fla. Dist. Ct. App. 1981); *Denton* v. *United States Fidelity & Guaranty Co.,* 158 Ga. App. 849, 282 S.E.2d 350 (1981); *Barncord* v. *State Department of Transportation,* 4 Kan. App. 2d 368, 606 P.2d 501, *aff'd,* 228 Kan. 289, 613 P.2d 670 (1980); *Pepitone* v.

*State Farm Mutual Insurance Co.,* 346 So.2d 266 (La. Ct. App. 1977); *Sherlin* v. *Liberty Mutual Insurance Co.,* 584 S.W.2d 455 (Tenn. 1979). In each of these cases, the claimant died between the time a settlement agreement was reached and the time of approval by the Commission — or the equivalent of our Commission — in each state.

In *Barncord* v. *Department of Transportation,* the claimant died on the day that a proposed oral settlement was to be presented to the Director of Workmen's Compensation Fund as the Kansas statute required. The Kansas Court of Appeals rejected the contention of the claimant's widow and children that the approval of a settlement agreement under Kansas law was merely a procedural formality. The Court quoted Larson as follows:

> If the statute requires that a settlement have Commission approval, a settlement lacking such approval amounts to nothing more than a voluntary payment of compensation. . . . [I]t does not give rise to an "award. . . ."

*Barncord,* 606 P.2d at 505 quoting 3 Larson, *Workmen's Compensation Law* § 82.60 (1976). The Kansas Court concluded that the negotiated amount was not due the claimant at the date of his death because the settlement had not yet been presented to the director in a form recognized by statute.

The Supreme Court of Tennessee also considered the precise question before our Court under similar facts in *Sherlin* v. *Liberty Mutual Insurance Company.* The parties' attorneys reached a written agreement that, in Tennessee, was subject to approval by a judge of chancery, circuit, or criminal court. The claimant died of a nonwork-related gunshot wound before that approval was attained. In deciding whether or not the decedent's claim survived his death, the Court analogized that unaccrued disability benefits do not survive a claimant's death and become payable to his personal representative. The Court pointed out the rationale for such a rule:

> [I]t is the purpose of workmen's compensation acts to make industry take care of its casualties. To that end compensation is provided for injured workmen in lieu of wages. Wages cease with death, and likewise compensation received in lieu of wages must cease with death. If the employee dies from natural causes, his representatives have no claim against the employer. If the death results from injuries received in the industry, there are special provisions to take care of the employee's dependents. It would put an additional burden on the employer, not contemplated by the statutes, to require him to pay either wages or compensation to representatives of an employee who died from natural causes. If an employee had a vested right in compensation, he could will it away, and the employer would be paying this substitute for wages to persons with whom he had no connection.

*Sherlin* v. *Liberty Mutual Insurance Co.,* 584 S.W.2d at 458. The court determined that the claimant's personal representative was entitled to temporary total benefits which had accrued at the time of his death, but not to the settlement amount that had not been approved prior to his death.

Our own workers' compensation statutes provide that no compensation for disability is payable for any period beyond a claimant's death. However, an award of compensation for disability may be made after the claimant's death for the period of disability preceding death. Ark. Stat. Ann. § 81-1323(e) (Repl. 1976). We agree with the reasoning of the courts in the above-cited jurisdictions and find that the settlement reached by the deceased claimant and the appellees is not effective because a joint petition hearing had not been conducted and Commission approval had not been rendered prior to the claimant's death.

The appellant also argues that the settlement agreement between the decedent and appellees is enforceable based upon estoppel and waiver. Appellant contends the appellees are estopped to deny the settlement because they caused the claimant to have her appeal remanded for the purposes of entering a joint petition and that the claimant

relied on appellees' conduct to her detriment or abandoned a legal right upon appellees' representations. The cases appellant cites in support of an estoppel theory are not workers' compensation cases. We have already held that our workers' compensation laws prevented the payment of the settlement agreement reached in this case. Accordingly, the claimant's death prior to the Commission's approval of the settlement caused the agreement not to be enforced; the failure to approve or enforce the agreement was not caused by appellees' conduct.

Appellant's argument based upon waiver is much the same as her estoppel argument. Because the appellees entered into the settlement agreement, appellant contends, they waived their rights to object to the settlement. Again, waiver simply does not apply in this instance, because it is not the appellees' actions that preclude enforcement of the settlement, but the claimant's untimely death.

Because we find that the settlement agreement was not effective prior to approval by the Commission pursuant to Ark. Stat. Ann. § 81-1319 (Repl. 1976), we consider appellant's alternative request for relief, that is, that we decide the issues presented in the original appeal. Both parties had appealed the Commission's award to the claimant of 35% permanent partial disability. The appellant raised five points for reversal, some of which we can consolidate for our discussion purposes.

The appellant's first allegation of error, that the Commission should have allowed the claimant's request to present additional evidence, was rendered moot by the claimant's death. However, we do not find error in the Commission's denial of the claimant's request. The statutory provisions that give the Commission the right to make investigations, order medical examinations or to take such action as it deems proper to ascertain and protect the rights of the parties, provide that these actions of the Commission are discretionary, not mandatory. Ark. Stat. Ann. § 81-1319(i), -1323(b), -1327 (Repl. 1976 and Supp. 1983). We do not find that the Commission abused its discretion in denying the claimant the right to additional time to be tested

and to introduce the results of a C. T. scan.

We consider the appellant's second and third points together, that the Commission applied an improper legal standard and failed to set out its findings of fact. Appellant contends the Commission based its decision upon whether the evidence supported the decision of the administrative law judge. However, the appellant has misconstrued what the Commission said. The Commission found the decision of the administrative law judge "supported by a preponderance of the evidence." In addition, the Commission affirmed and *adopted* the decision of the administrative law judge. That adoption had the effect of transferring to the Commission the findings of the law judge. *See Oller* v. *Champion Parts Rebuilders, Inc.,* 5 Ark. App. 307, 635 S.W.2d 276 (1982); *Dedmon* v. *Dillard Department Stores, Inc.,* 3 Ark. App. 108, 623 S.W.2d 207 (1981); *Jones* v. *Scheduled Skyways, Inc.,* 1 Ark. App. 45, 612 S.W.2d 333 (1981).

Appellant's fourth point is that the Commission erred in failing to resolve whether the appellees had controverted the 10% permanent partial disability benefits and if so, which of appellant's two lawyers was entitled to the fee. The Commission found the record inadequate to decide those questions. It instructed the parties to resolve those issues themselves or to request a hearing before the law judge to develop evidence on those points. We find no error in the Commission's determination. The appellant argues to us the argument she should have developed before the law judge. We cannot consider the merits of the question when it was not argued below. *Hamilton* v. *Jeffrey Stone Co.,* 6 Ark. App. 333, 641 S.W.2d 723 (1982).

Finally, the appellant contends the Commission's decision is not supported by substantial evidence. Appellant argues, based primarily upon the claimant's testimony, that the record clearly shows the claimant was totally disabled. However, what appellant argues is precisely the factual question that was before the Commission. We must affirm the Commission if substantial evidence supports its finding that the claimant suffered permanent partial disability of

35% to the body as a whole. We find substantial evidence does support that finding in light of all of the evidence: the claimant's testimony, Dr. Hartmann's rating of 10% to the body as a whole, and Dr. Lester's rating of 10-15% to the body as a whole. Dr. Giles found "chronic disability . . . without evidence of clinical radiculopathy." The Commission awarded disability in an amount greater than the medical evidence warranted, indicating that the Commission undoubtedly took into consideration the testimony of the claimant and her daughter, as well as factors other than medical evidence. *See Glass v. Edens*, 233 Ark. 786, 346 S.W.2d 685 (1961).

We have determined that the Commission was correct in finding the proposed settlement ineffective because a hearing was not conducted on the joint petition prior to the claimant's death. In addition, we affirm in all respects the Commission's decision that resulted in appellant's first appeal. The appellees are liable to the claimant's personal representative for all benefits that had accrued at the time of claimant's death, figured at 35% to the body as a whole.

Affirmed.

CRACRAFT and CORBIN, JJ., agree.