WALTER LEE COOK, EMPLOYEE v. J. TURNER BROWN, ET AL

5-4788                                                     436 S.W. 2d 482

Opinion Delivered February 3, 1969

*H. Clay Robinson* for appellant.

*Shaw, Jones & Shaw* for appellees.

LYLE BROWN, Justice.    This is an appeal from an affirmance by the circuit court of a Workmens Compensation Commission order.    The commission refused

to set aside its award made to appellant, Walter Lee Cook, on the basis of a joint petition filed by Cook and his employer, J. Turner Brown, and Truck Insurance Exchange. The latter two parties are the appellees. In denying Cook's application for voidance of the award, the commission held it was without jurisdiction to set aside the order of award or to reopen the case. The correctness of that holding is the single issue on appeal.

Cook was injured on August 20, 1965, while employed by Brown. On September 9, 1966, the employer, employee, and insurance carrier submitted a joint petition to the commission. A lump sum settlement was proposed, based on fifteen per cent permanent partial disability. A hearing was conducted, at which claimant testified, and an order was entered granting the petition. In conformity with that order, Truck Insurance Exchange paid over the awarded amount, being $2,329.25.

In August 1967, slightly less than one year after the award, Cook filed a petition with the commission to set aside the joint petition award. He stated that he "was incapable of understanding the legal ramifications" relevant to the joint petition and thought his claim would remain open. Finally he asserted that his disability had subsequently increased to thirty per cent. From an examination of the petition itself, the commission held it was without jurisdiction to set aside the joint petition award. That conclusion was based on Ark. Stat. Ann. § 81-1319 (1) (Repl. 1960):

(1) Joint Petition. Upon petition filed by the employer or carrier and the injured employee, requesting that a final settlement be had between the parties, the Commission shall hear the petition and take such testimony and make such investigations as may be necessary to determine whether a final settlement should be had. If the Commission decides it is for the best interests of the claimant that a final award be made, it may order such an

award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same. If the Commission shall deny the petition, such denial shall be without prejudice to either party. No appeal shall lie from an order or award allowing or denying a joint petition.

We view § 81-1319 (1) as the statutory method for effecting a compromise settlement. It of course anticipates negotiations between the parties prior to the filing of the petition. When they agree upon a figure of settlement they must come before the commission for approval. In the interest of the claimant the statute requires a hearing; testimony is taken and any necessary investigation by the commission is authorized; then it must be determined that the proposed settlement is in the best interest of the injured worker. If the commission approves the proposed settlement it then enters an order of award. That award "shall be final as to the rights of all parties to said petition, and thereafter the commission shall not have jurisdiction over any claim for the same injury or any results arising from same." Because of the finality of the procedure, we perceive (as is evident in the record here) that the commission is careful to follow its duties under the statute, which are designed to protect the worker.

In upholding the commission's position that it had no jurisdiction of claimant's petition to set aside the award, we look to the allegations of that petition. It should be first pointed out that there is no allegation of fraud or insanity. With commendable candor, the petition states that "through no fault of anyone" claimant was incapable of understanding the legal ramifications of the petition; that because of that impediment he thought he was being paid for injuries to date; and that the claim would remain open to take care of any increase in disability subsequent to the settlement. Those as-

sertions are contrary to the express language of the joint petition, and, we might add, in direct conflict with the record made at the hearing at which claimant testified.

No statute similar to § 81-1319 (1) from any jurisdiction has been called to our attention. We do find an Illinois statute which is comparable. Smith-Hurd Ann. St. Ch. 47-48 § 156, par. (h), precludes review by the commission of any lump sum award or settlement contract approved by it. That statute has been held to estop review by the commission of such a settlement even for alleged fraud. *Michelson* v. *Industrial Commission*, 31 N.E. 2d 940 (1941). A somewhat similar statute in Oklahoma has been likewise interpreted. *Gibbins* v. *Indian Electric Cooperative*, 219 P. 2d 634 (1950); *Indian Territory Illuminating Oil Co.* v. *Ray*, 5 P. 2d 383 (1931). In both jurisdictions the claimants were referred to the courts for relief. We cite those cases only to show that other jurisdictions are extremely cautious about giving to their commissions the power to review their own joint and final awards. Their reasoning is to the effect that the statutes are so clear that to hold otherwise would be to legislate by judicial pronouncement.

Our statute is unambiguous. It is fortified by the wording of Ark. Stat. Ann. § 81-1326 (Repl. 1960). That section provides for the modification of awards generally; however, it specifically excepts from its provisions those awards made under § 81-1319 (1).

We hold that neither the statute nor any inherent powers of the commission, considering the state of claimant's pleadings, would justify its reopening of the joint settlement.

Affirmed.