SHERMAN A. JOHNSON *v.* LUMBERMEN'S RECIPROCAL INSURANCE EXCHANGE ET AL

5-5396                                                              460 S. W. 2d 53

Opinion delivered November 30, 1970

[4]Appellant has offered to confess judgment for $522.92.

*William W. Green* and *M. C. Lewis, Jr.*, for appellant.

*Wright, Lindsey & Jennings,* for appellees.

GEORGE ROSE SMITH, Justice. This suit to set aside an order of the workmen's compensation commission was brought in the Pulaski Chancery Court, where it was dismissed for want of jurisdiction. The correctness of the order of dismissal is the only issue on appeal.

Johnson's complaint asserts that on April 2, 1966, while he was employed by J. M. Hampton & Sons Lumber Company, he suffered a back injury in the course of his employment. In November of that year Johnson and the employer's insurance carrier, Lumbermen's Reciprocal Insurance Exchange, filed a joint petition for final settlement, which was approved by the compensation commission. Ark. Stat. Ann. § 81-1319 (1) (Repl. 1960). Under the joint settlement Johnson received $1,850 as full compensation for his injury.

The present complaint was filed by Johnson in the chancery court in March, 1968, the defendants being Lumbermen's and the Arkansas Workmen's Compensation Commission. The complaint asserts that Johnson, uneducated and without an attorney, was defrauded in the joint settlement. Specifically, it is charged that Lumbermen's claims adjuster and its examining physician falsely and fraudulently represented Johnson's condition to be less serious than it actually was and that Lumbermen's thereby obtained Johnson's consent to an inadequate settlement. The complaint asks that the commission's order approving the settlement be set aside.

The chancery court's order of dismissal must be affirmed. In *Cook* v. *Brown*, 246 Ark. 11, 436 S. W. 2d 482 (1969), we discussed the joint settlement procedure, pointing out that it is a statutory method of putting into effect a compromise settlement reached by negotiations between the parties. The commission's approval is required as a protection to the injured worker. There we held that, in the absence of any assertion of fraud or in-

sanity, the commission is not authorized to reopen a settlement made in good faith, merely because the claimant's partial disability later proves to be greater than it was originally thought to be.

In the case at bar the claimant, affirmatively asserting fraud, relies upon the broad power of chancery to set aside a judgment for fraud in its procurement. *David* v. *Rhea*, 90 Ark. 261, 119 S. W. 271 (1909). Such fraud, however, must be extrinsic to the questions presented for decision. For example, as we explained in *Alexander* v. *Alexander*, 217 Ark. 230, 229 S. W. 2d 234 (1950), there is extrinsic fraud when a party is kept away from the trial by his adversary's deception or when a party is corruptly betrayed by his own attorney. "On the other hand," we went on to say, "the doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed." Our Reports contain many cases to the same effect.

We are not presented here with any question about the compensation commission's power to grant relief in a situation of this kind. The sole issue before us is that of the chancery court's jurisdiction. Upon that issue it is clear that the trial court's decision was correct, for there is no assertion of extrinsic fraud in the procurement of the commission's order.

Affirmed.