## 63463. SUBSEQUENT INJURY TRUST FUND v. ALTERMAN FOODS, INC.

SHULMAN, Presiding Judge.

Cartwright, an employee of appellee, suffered an injury in November 1977, for which she received workers' compensation benefits. She returned to work in April 1978, but was discharged on June 9, 1978, for excessive absenteeism and for engaging in outside employment. Appellee contends that it and the employee subsequently entered into an agreement for the payment of workers' compensation benefits as a result of an injury occurring June 1, 1978. However, the employee then requested a hearing to determine whether her incapacity was due to a change of condition with regard to her injury of November 1977. The administrative law judge found that there had been a change of condition and, in November 1978, entered an award based on that finding. No appeal was taken from that award. In March 1979, appellee applied to appellant for reimbursement of the benefits paid subsequent to June 8, 1978. Appellant denied the claim based on its determination that Cartwright had not sustained a subsequent injury within the meaning of Code Ann. Ch. 114-9. Appellee sought a hearing to determine the correctness of the denial of its claim. The administrative law judge ruled that the claim was properly denied because Cartwright made no claim against appellee based on an injury occurring in June 1978; because appellee had paid no money for an injury in June 1978; and because the award of November 1978 was res judicata. After that award was affirmed by the full board, appellee took an appeal to the superior court. That court ruled that the award of November 1978 was not res judicata and that the standards for determining entitlement to reimbursement were different from the standards applicable to determination of a change of condition. The superior court reversed the award and returned the case to the board for consideration of appellee's claim of reimbursement. Appellant applied to this court for a discretionary appeal, and we granted it to decide the issue of the effect that an award of benefits pursuant to a claim by an employee should have on an application for reimbursement under Ch. 114-9.

1. Appellee has moved to dismiss this appeal for appellant's failure to follow to the letter the requirements of Code Ann. § 6-802. Appellant's mistake was to fail to include a statement of jurisdiction in the original notice of appeal. However, appellee failed to consider the remainder of § 6-802. That section expressly provides that an appeal shall not be dismissed for failure to include the jurisdictional statement. Appellee's motion is denied.

2. Appellant enumerates as error the failure of the superior court to address two of the grounds on which the denial of reimbursement was based and the court's determination that appellee's claim was not barred by res judicata. We find merit in neither contention.

An examination of the two reasons for denial of reimbursement which appellant argues were not addressed shows that they are actually part of the same res judicata theory rejected by the superior court. The ALJ based his decision on the fact that the claimant had not filed for benefits based on a June 1978 injury and the fact that appellee had not paid benefits for an injury in June 1978. Those two reasons are just alternate ways of saying that the proceedings between the claimant and the employer are conclusive of the employer's right to reimbursement from the Subsequent Injury Trust Fund. There is no practical difference between those holdings and the ALJ's holding that res judicata barred the claim for reimbursement. It may be seen, therefore, that the superior court, in rejecting the bar of res judicata and in noting that the purposes of the two proceedings here involved are different, did address all the pertinent holdings made by the ALJ and adopted by the full board.

The doctrine of res judicata is statutorily established in this state in Code Ann. § 110-501: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside."

Applying that statute to the facts of this case, it is apparent that the award to the employee cannot be conclusive in the present case because the parties are not the same. The appellant was not a party to the action which resulted in an award to Cartwright.

An additional reason for denying res judicata effect to the award to Cartwright is the doctrine of mutuality. The Subsequent Injury Trust Fund is specifically protected from any res judicata effect of awards to which it was not a party. Code Ann. § 114-917. It would be grossly unjust to permit appellant to attempt to bind another party by an adjudication by which appellant could not be bound. We decline to be a party to that injustice.

The superior court's judgment was not that appellee was entitled to reimbursement, but merely that it had a right to seek reimbursement. The superior court's direction that the case be remanded and appellee be permitted to introduce evidence to support its claim to reimbursement was proper and must be affirmed.

*Judgment affirmed. Quillian, C. J., concurs. Carley, J., concurs*

*in the judgment only.*

DECIDED MAY 26, 1982.

*Michael J. Bowers, Attorney General, Gary R. Hurst, Assistant Attorney General,* for appellant.
*H. Durance Lowendick, C. Davis Bauman,* for appellee.