Betty SAYRE *v.* STATE of Arkansas
SECOND INJURY FUND

CA 84-109                                                        674 S.W.2d 941

Court of Appeals of Arkansas
Division I
Opinion delivered August 29, 1984
[Rehearing denied September 26, 1984.]

*Odom, Elliott & Martin,* by: *Mark L. Martin,* for appellant.

*Steve Clark,* Atty. Gen., by: *David S. Mitchell,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant has appealed a Workers' Compensation Commission decision holding that a joint petition settlement, approved by the Commission, eliminates the Commission's jurisdiction over any additional claim for the same injury or any results arising from that injury.

Appellant sustained a broken hip in a compensable accident that occurred on November 30, 1981. In 1972, while working for a different employer, she lost several fingers in another work-related accident and was given a 100% impairment rating to her hand. After she filed a claim for her hip injury against the employer, the carrier, and the Second Injury Fund, a joint petition agreement with the employer and carrier was filed and granted by an administrative law judge. A hearing was then held to determine whether

claimant was entitled to additional benefits from the Second Injury Fund. The law judge held that he had jurisdiction to hear the claim but that there was no Second Injury Fund liability because the second injury was independently disabling. On appeal the Commission reversed the law judge and held that it had no further jurisdiction over the claim because of the allowance of the joint petition.

Even though claimant's joint petition specifically stated that she did not waive any rights against the Second Injury Fund and even though such a provision was also included in the administrative law judge's opinion approving the joint petition, the Commission held that Ark. Stat. Ann. § 81-1319(l) (Repl. 1976) effectively eliminated any further jurisdiction of the Commission. That statute provides:

> (1) Joint petition. Upon petition filed by the employer or carrier and the injured employee, requesting that a final settlement be had between the parties, the Commission shall hear the petition and take such testimony and make such investigations as may be necessary to determine whether a final settlement should be had. If the Commission decides it is for the best interests of the claimant that a final award be made, it may order such an award that shall be final as to the rights of all parties to said petition, *and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same.* [Emphasis added.]

The unanimous opinion of the Commission states: "We strongly feel that Ark. Stat. Ann. § 81-1319(l) is controlling and that the clear and unambiguous language of said statute prohibits the claimant in this case from now proceeding against the Second Injury Fund." Appellant argues that the statutory language means that the joint petition is final only as to the parties who participated in it, and that the Commission's interpretation violates the purpose of the law. We do not agree. The statute is clear and unambiguous in stating that a joint petition eliminates the Commission's jurisdiction over the claim. Any other

240

interpretation would have to ignore the plain meaning of the words used by the legislature. We think the Commission's interpretation was correct.

Affirmed.

COOPER and CLONINGER, JJ., agree.