## C & L TRUCKING, INC. and Kelly CAPPS
### *v.* Donna ALLEN, et al

84-252                                        686 S.W.2d 399

Supreme Court of Arkansas
Opinion delivered March 18, 1985
[Rehearing denied April 22, 1985.]

244

*Paul Petty*, for appellant.

*Edward O. Moody*, for appellee.

DARRELL HICKMAN, Justice. This is an appeal of a wrongful death action arising from a truck accident in Akron, Ohio, in which the driver of the truck, Dennis Lee Allen, was killed. The appellees, Allen's wife and heirs, filed this lawsuit against C & L Trucking, which owned the trailer, Kelly Capps, who owned the .tractor, and Junior Landis, who owned J & L Trucking, Dennis Allen's employer. The appellees had already recovered workers' compensation benefits from J & L Trucking. Junior Landis was dismissed as a party during the trial. The jury found for the appellees. The trial court signed the judgment of joint and several liability in the amount of $152,000. On appeal the appellants make several arguments which were either not timely made to the trial court, are unsupported or are unconvincing. We, therefore, affirm.

First, it is argued that the action against C & L Trucking is barred because C & L and J & L are so interrelated that they are one and the same company, that they were both Dennis Allen's employer; therefore, since the appellees had already recovered from J & L, the tort action against C & L is barred. This argument was first raised at the close of the appellees' case. The basis of the argument was that the same court had ruled in another case that employees of J & L are, in fact, employees of C & L. At that point the only evidence concerning the ownership of the companies was that Junior

Landis testified that he and his wife were partners in J & L and that Dennis Allen was paid by J & L. The trial court ruled that the prior case was not *res judicata* on the issue; that the issue of that case was commingling assets and employees of the two companies for purposes of determining workers' compensation insurance premiums.

The argument was not raised again at the close of the case. The appellees made a *prima facie* case that C & L and J & L operated as separate entities. It was shown that C & L owned the trailer, that Capps owned the tractor and leased it to C & L; that Capps worked for C & L and that Allen was paid by J & L. Junior Landis testified during the appellees' case as follows:

Q. Mr. Allen the decedent was an employee of J & L, is it correct?

A. Yes.

Q. What is the relationship between J & L Trucking and C & L Trucking, Inc.?

A. J & L, we had a few trucks, me and my wife ourselves, two or three trucks. We own C & L. We personally own both companies. We had our insurance under J & L Trucking.

Q. Was there a distinction in how you handled your books? Is J & L's books different than C & L's books. Were they all handled as one set of books in conjunction with profits of C & L?

A. All profits and losses.

Q. And expenses?

A. And expenses and everything went through C & L's books.

On cross-examination Landis said that C & L stood for "Capps and Landis." He said that Capps leased trucks to C &

L, and that C & L owned about 40 trucks and that J & L owned 6 or 8 trucks. Then Landis was asked:

Q. Does your CPA keep your records on C & L Trucking?

A. Yes.

Q. Aren't the J & L records kept in your office?

A. I think so, if there is any records.

In a motion for a new trial, the appellants raised the argument again and attached an affidavit signed by Mr. and Mrs. Junior Landis which averred that J & L's trucks are used and directed by C & L, that J & L does no hiring because C & L handles all personnel matters, and that although checks are written on J & L's account, all money received is from C & L's business.

When the trial court rejected this argument, there was no convincing evidence before it that the companies were one and the same. After some evidence of interrelation was presented during the appellants' case, the argument was not raised again. In the motion for a new trial the appellants made the same argument and tried to introduce more evidence in support of the argument. That evidence could have been introduced at trial but was not. At the time the court rejected the argument, there was no evidence from which we could say that the court was clearly wrong in its decision. ARCP Rule 52. The argument could have been raised again at the close of the appellants' case but was not. Therefore, we find no error.

The appellants also argue that Dennis Allen had been loaned by J & L to C & L and, therefore, C & L was the employer at the time of Allen's death so that the only remedy against C & L would be worker's compensation. The trial court ruled before trial that the issue could be presented to the jury. There is no evidence, however, that the appellants ever raised the question again or asked that the issue be resolved by the jury. No instruction was requested or

proffered. Therefore, we will not consider the issue on appeal. See *Bovay* v. *McGahhey*, 143 Ark. 135, 219 S.W.2d 1026 (1920).

The argument that C & L and J & L were joint venturers and therefore immune from tort liability under workers' compensation law was not raised to the trial court, nor submitted to the jury, and we will not consider it. *Sanders* v. *Newman Drilling Co.*, 273 Ark. 416, 619 S.W.2d 674 (1981).

The appellants argue that the appellees did not sustain their burden of proving that their negligence was the proximate cause of Allen's death. Appellees produced two witnesses that testified that the accident was caused by worn tires on the truck. One of the witnesses was an expert, the other was the Ohio policeman who investigated the accident. Proximate cause is ordinarily a question for determination by the trier of facts. *Cragar* v. *Jones,* 280 Ark. 549, 660 S.W.2d 168 (1983); *Keck* v. *American Employment Agency,* 279 Ark. 294, 652 S.W.2d 2 (1983). We find substantial evidence to support the jury's verdict.

The jury returned a verdict which stated: "We the jury find in favor of the Plaintiffs against the defendant C & L Trucking, Inc., on the issue of liability." Written out was the following notation: "Equally liable w Capps." It was signed by the foreman and then written below was "50% liability" and it was again signed. The same verdict was returned against Capps with the same notations. The trial judge sent the jury back to determine damages and said: "In addition to that for clarity in the record, the Court would like to give you back the verdict forms that were signed and returned, and ask you to prorate on the basis of percentages equalling what you think is appropriate with regard to these two Defendants in this case." The jury returned a verdict against Kelly Capps for $76,000 and against C & L for $76,000. This all occurred without objection. The trial court entered a judgment finding Capps and C & L jointly and severally liable in the amount of $152,000. The judgment was approved by both attorneys.

The appellants argue that they are not jointly and

severally liable and, if they are, they are only liable for $76,000. After trial C & L filed a bond admitting liability in the amount of $152,000 and gave land as collateral. The appellees objected. The trial court ruled that an appropriate bond must be posted. C & L convinced the court to amend the judgment so that the words "jointly and severally" were stricken. C & L then posted a bond for $76,000. The appellees petitioned this court for a writ of mandamus. We held that the amended judgment should be set aside and that a supersedeas bond should be secured in the amount of $152,000. We are convinced we were right because to hold otherwise would be to ignore that the jury found these joint tortfeasors to be equally liable. The jury returned separate verdicts against Capps and C & L finding each to be liable in the amount of $76,000. We cannot assume from the verdicts rendered that the jury intended to limit damages to only $76,000. Neither the judge nor the attorneys made that assumption when the judgment was entered without objection. Each was found to have negligently caused Allen's death. They were joint tortfeasors and were, therefore, jointly and severally liable for the judgment returned against them. See Ark. Stat. Ann. § 34-1001 et seq. (Repl. 1962); see also *Scalf* v. *Payne,* 266 Ark. 231, 583 S.W.2d 51 (1979).

Affirmed.