STATE OF ARKANSAS, SECOND INJURY FUND
*v.* MID-STATE CONSTRUCTION CO., et al.

CA 85-105                    698 S.W.2d 804

Court of Appeals of Arkansas
En Banc
Opinion delivered November 13, 1985

*Steve Clark*, Att'y Gen., by: *David S. Mitchell*, Asst. Att'y Gen., for appellant.

*Chester C. Lowe, Jr.*, for appellees.

*Donald Frazier*, for appellee Ray Davis, Jr.

JAMES R. COOPER, Judge. The issues on appeal in this workers' compensation case are whether the Commission erred in reinstating the appellant, Second Injury Fund, as a party to the proceedings before the administrative law judge and whether the Commission erred in directing the administrative law judge to allocate liability between the appellant and the appellee insurance carrier. We reverse and remand so that the appellant will be afforded the opportunity to present evidence to the administrative law judge on the threshold question of liability and the applicability of Ark. Stat. Ann. Section 81-1313(i) (Supp. 1983).

The appellee Ray Davis, the claimant, sustained a lumbar spine injury in June 1981, while employed by the appellee Mid-State Construction Company (hereinafter Mid-State). At a hearing before the administrative law judge, at which Davis, Mid-State, and Mid-State's insurance carrier were present, the administrative law judge joined the Second Injury Fund on his own motion (after all of the parties declined to do so). Since the appellant was not represented, the administrative law judge treated the proceeding as a preliminary hearing to obtain the testimony of the parties present; the law judge reserved final determination on the merits until the Second Injury Fund had an opportunity to read the transcript and depose any witnesses.

The administrative law judge issued an interim order in August, 1983, dismissing the appellant from the proceedings because of the parties' refusal to join the Second Injury Fund under Commission Rule 24. Counsel for Mid-State responded with a letter to the administrative law judge which objected to the

dismissal and proposed several alternatives to the dismissal order. The administrative law judge subsequently issued his opinion and order finding, *inter alia*, that:

> 5. At the time of his June 4, 1981 compensable injury, the claimant was not suffering from a disability in the compensation sense as . . . contemplated by Ark. Stat. Ann. Section 81-1313(i) (Supp. 1983).
>
> 6. Claimant's present degree of disability is solely attributable to his June 4, 1981 injury . . . .
>
> 9. For reasons mentioned in this order and in the Interim Order of August 8, 1983, the second injury is not a party respondent here.

The administrative law judge concluded that "were the second injury fund a party to this claim, it would escape liability based upon the medical reports and claimant's insistence that neither his 1959 neck injury nor the loss of vision in his right eye affected his earning capacity as of the date of his June, 1981 compensable injury."

Mid-State and its insurer appealed to the full Commission, contending, *inter alia*, that the administrative law judge erred in making the findings quoted above. The Commission found that the claimant had a preexisting disability at the time of his lumbar spine injury, and said:

> From our de novo review of the record in this case, we hold that these preexisting conditions together constitute a previous disability or impairment within the meaning of the statute.

The Commission then reinstated the Second Injury Fund as a party and remanded the case for further proceedings, directing the administrative law judge to "allocate the compensation liability among the parties hereto in accordance with Ark. Stat. Ann. Section 81-1313(i), giving the Second Injury Fund credit for the amount of claimant's disability or impairment which preexisted his compensable injury." [citation omitted] Then, finally, the Commission's order states:

> The Second Injury Fund is hereby reinstated as a party and shall be given a reasonable time to adduce evidence going

to any issue in this case *affecting its liability before its liability is determined.* [emphasis added]

■■ On appeal to this Court, the Second Injury Fund contends that the Commission erred in reinstating the Fund as a party because the appellees waived their right to join the Fund by refusing to move to do so at the hearing before the administrative law judge. We disagree, but we note that the insurance carrier and the employer are the parties who benefit from Second Injury Fund involvement in appropriate cases and it should be their responsibility to join the Fund where their defense is based on the theory that an initial injury is contributing to the total amount of disability following the second injury. Although the Arkansas Rules of Civil Procedure are not binding in workers' compensation cases, Ark. Stat. Ann. Section 81-1327(a) (Supp. 1985), ARCP Rule 20 would seem to provide appropriate guidance in Second Injury Fund cases.

■ As to the case at bar, from a reading of the Commission's opinion, quoted above, we cannot tell what the Commission intended. Although the Commission seems to have finally decided that the appellant's preexisting conditions did constitute an impairment or disability under the statute, the Commission then remanded the case to the administrative law judge for a hearing which, according to the language of the order, left open the question of the Fund's liability. If the Commission did not intend to leave open the question of the Fund's liability, it was wrong; the Fund has not had the opportunity to appear and defend. If the Commission did not intend to foreclose arguments concerning the threshold issue of liability, it was right and, on remand, the Fund can adduce whatever evidence it deems necessary to litigate that issue before the administrative law judge.

■ The issue of whether the appellee is permanently and totally disabled must of necessity remain open. The appellee urges that this Court affirm the Commission's decision that he is permanently and totally disabled, and we understand his desire that we do so. We cannot, for the Second Injury Fund, a necessary party to this litigation, has not been afforded the opportunity to participate in the litigation of that issue. To affirm the Commission's finding of permanent and total disability would be to hold the Second Injury Fund liable in whatever percentage found to be

appropriate by the Commission without due process.

We affirm the Commission's decision to reinstate the Second Injury Fund as a party, but we reverse and remand to the Commission so that the matter may be remanded to the administrative law judge for a hearing on the issues of liability, apportionment, and the claimant's degree of disability.

Affirmed in part, reversed and remanded in part.

CORBIN and MAYFIELD, JJ., concur.

GLAZE, J., dissents.

MELVIN MAYFIELD, Judge, concurring. I reluctantly agree with the result reached by the majority opinion. However, I think the basic error occurred in this matter when the law judge, at the first hearing, took evidence without the Second Injury Fund being present and having the opportunity to cross-examine the witnesses. "The right to confront and cross-examine witnesses is a fundamental aspect of procedural due process, and such right applies not only in criminal proceedings, but also in noncriminal proceedings, including administrative or quasi-judicial proceedings." 16A Am. Jur. 2d *Constitutional Law* § 849 (1979).

In this case, the issue of the Second Injury Fund's liability did not arise "in a way which could not have been reasonably foreseen" as referred to in the Workers' Compensation Commission Rule 24(b). Here, the possibility of the Fund's liability was apparent to the law judge, the employee, and the employer and its carrier at the start of the hearing before the law judge and before any testimony was taken at that hearing. The law judge's desire to take the testimony of the claimant who was present, treating the hearing as a preliminary one, and then notifying the Fund that it had been made a party, is understandable in regard to the saving of time, effort, and expense. But, the Second Injury Fund's liability obviously was an issue of fact and the United States Supreme Court has said: "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg* v. *Kelly*, 397 U.S. 254, 269 (1970). When the law judge decided to join the Fund, I believe due process required that he recess the hearing until the Fund could be present to cross-examine the claimant who was ultimately held to be entitled to

recover from the Fund. Also I agree with the Fund's argument that "cross-examination of witnesses whose testimony has been made weeks or months earlier is much less effective than when allowed in conjunction with direct examination."

When the full commission reversed the law judge's holding that the Second Injury Fund had no liability, the Fund filed a motion for reconsideration with the commission, pointing out that the "most fundamental due process right of the Second Injury Fund" had been ignored by awarding benefits against the Fund based on a record where it had no opportunity to appear and defend. In my view, the Fund was not required to disclose or proffer what evidence, if any, it had to refute the commission's factual determination. It had already been denied its fundamental due process right to cross-examine the claimant at the time the claimant gave his direct testimony.

As a practical matter, the result reached by the majority opinion is probably the best result that can be reached at this time. However, I fully agree that it is the employer or its carrier's responsibility to join the Fund where they contend, as in this case, that their liability is limited by the application of Ark. Stat. Ann. § 81-1313(i) (Supp. 1985). Except for the fact that this is the first case in which this point has been involved, I would vote to reverse the commission's decision and hold that the entire liability in this case should be assessed against the employer and its carrier.

CORBIN, J., joins in this concurrence.

TOM GLAZE, Judge, dissenting. I respectfully dissent. The Second Injury Fund has not, as yet, indicated what evidence it possesses that could in any way change the Commission's decision in this cause. This is not a case where the Fund never received notice of its potential liability. The Fund, of necessity, was required to, and did, evaluate appellee's (Ray Davis') claim when the administrative law judge first brought the Fund into this cause. In fact, the Fund argued Davis' claim did not give rise to Fund liability.

In addition to arguing the applicability of the second injury statute, the Fund had the opportunity to disclose or proffer, if you will, any evidence it had that might refute the facts in the record. The Fund had every opportunity to preserve below its argument

that it should not be made a party and alternatively, to offer evidence, if it had any, that claimant's 1981 injury failed to give rise to Fund liability. We are allowing this case to be tried piecemeal by remanding it to the Commission (and administrative law judge once again) to take further evidence when there is every indication such additional hearing(s) will only bring more delay. The final decision in this case has been delayed too long already. By this decision, we set precedent for such delays in future cases.

I would affirm the Commission's decision and remand this case, solely to determine the Fund's extent of liability—not its liability as the majority has decided.