FARMERS AND MERCHANT'S BANK, Rogers,
Arkansas *v.* Mauriece DEASON and Letha Dell Deason

CA 87-391                                        752 S.W.2d 777

Court of Appeals of Arkansas
Division II
Opinion delivered July 13, 1988

*Croxton & Boyer*, by: *Hardy W. Croxton, Jr.*, for appellant.

*James G. Lingle*, for appellee.

JAMES R. COOPER, Judge. The appellees in this civil case brought an action against the appellant bank for damages arising from an alleged breach of a trust agreement, to which the appellees were beneficiaries. After a jury trial, a verdict in favor of the appellees was returned, and the trial court entered judgment for the appellees in the amount of $10,000.00 plus six percent interest and costs. From that decision, comes this appeal.

For reversal, the appellant contends that the jury finding that the appellant breached a duty to the appellees was against the weight of the evidence, and that the jury finding on the issue of damages was likewise contrary to the weight of the evidence. The appellant also contends that the trial judge erred in denying its motion for a directed verdict on the ground that the appellees waived their rights under the trust agreement by executing a release of a mortgage to which the trust agreement was irrevocably tied. On cross-appeal, the appellees argue that the trial court erred in ordering a remittitur of the jury verdict from $12,500.00 to $10,000.00. We affirm on both the direct and cross-appeal.

The record shows that, in 1979, the appellees sold a forty-acre farm to David and Norva Coles for $128,000.00. The Coles made a down payment of $50,000.00, and executed a $78,000.00 note and mortgage to the appellees to secure the balance of the purchase price. In October 1979, the Coles asked the appellees to release fifteen of the forty acres from the mortgage. The appellees agreed on the condition that the Coles purchase a $10,000.00 certificate of deposit, which would be held in trust for the benefit of the appellees in the event that the Coles defaulted on the note and mortgage. The Coles subsequently executed an instrument labeled "declaration of trust—revocable," dated October 31, 1979, whereby the appellant bank acknowledged receipt of a $10,000.00 certificate of deposit and agreed to act as trustee. The trust agreement provided that cash dividends on the certificate of deposit were to be paid to the Coles, but that, should the Coles default as to a material term of their first mortgage with the

appellees within eight years of the date of the trust agreement, the trustee was to deliver the certificate of deposit to the appellees. By its own terms, the trust agreement terminated after eight years from its inception, or payment of the mortgage, whichever came first. On November 1, 1979, the appellees released the fifteen acres from the mortgage.

On March 31, 1983, the Coles removed the certificate of deposit from the trust account. There was evidence that the certificate was cashed by the Coles and deposited in the appellees' account as part of a large mortgage payment intended to reduce the principal balance.

In September 1984, the appellees learned that the $10,000.00 was no longer being held by the appellant in the trust account. The Coles subsequently breached their mortgage agreement with the appellees by failing to make scheduled payments for the first three months of 1985. In March 1985, the appellees agreed to release the first mortgage in return for a $35,000.00 payment from the Coles and an unsecured promissory note for the remaining indebtedness of approximately $5,400.00. At that time, the balance on the original note was approximately $40,000.00. After the property was released, the Coles left the area for parts unknown, and never made a payment on the new unsecured note. The appellees subsequently made demand upon the appellant for the $10,000.00 certificate of deposit which was the corpus of the trust agreement. The appellant denied liability, and this action resulted.

The appellant first contends that the jury finding that the appellant bank breached a duty to the appellees is contrary to the evidence, arguing that, because the instrument was labeled a "revocable trust", the bank acted properly in releasing the corpus of the trust to the Coles for deposit in the appellees' account. We think that the question of breach of duty hinges on the terms of the trust, an issue which requires the intent of the parties to be determined.

> Where the creation of the trust is evidenced by a written instrument, the terms of the trust include not only express provisions of the instrument, but also whatever may be gathered as to the intention of the settlor with respect to the trust from the language used in the instrument as inter-

preted in the light of all the circumstances of its creation; but it does not include extrinsic expressions of intention varying the effect of the instrument, since these are inadmissible in evidence because of the parol evidence rule.

IV A. Scott, *The Law of Trusts* § 330 (3d ed. 1967). In the case at bar, the record shows that the trust terms are based on the first mortgage between the appellees and the Coles, and its creation was prompted by the desire of the Deason's to have additional security after the release of the fifteen acres. Although the trust was labelled as "revocable", this term was not repeated in the body of the instrument, and no power of revocation was expressly reserved to the settlors. Under these circumstances, we think that the terms of the trust, and thus the extent of the trustee's duty, was a question of fact, and, on this record, we cannot say that the jury's finding that the appellant breached a duty to the appellees by releasing the trust corpus to the settlors, without notice to the beneficiaries, was not supported by the evidence. *See Hardy* v. *Hardy*, 217 Ark. 296, 230 S.W.2d 6 (1950).

Next, the appellant contends that the trust operated as an unenforceable liquidated damages provision. We do not reach this issue because it was never presented to the trial court. We do not address issues raised for the first time on appeal. *C&L Trucking, Inc.* v. *Allen*, 285 Ark. 243, 686 S.W.2d 399 (1985).

As to the appellant's argument that the trial court erred in denying its motion for a directed verdict, we also affirm. First, the appellant made a general motion for a directed verdict which did not comply with Civil Procedure Rule 50, which states that "a motion for a directed verdict shall state the specific grounds therefor." Now, in its reply brief, the appellant argues that the motion should have been granted because the Deason's released the mortgage and thereby waived their right to rely on the terms of the trust. Initially we note that we do not consider arguments raised for the first time in a reply brief. *Shueck Steel, Inc.* v. *McCarthy Brothers Co.*, 289 Ark. 436-A, 717 S.W.2d 816 (1986) (supp. op. on reh'g). Even had the appellant raised the issue in his original brief, it is clear that no such contention was expressed to the trial court in the motion for directed verdict and there is nothing in this record to show that the motion was ever acted on. Because the sufficiency of the evidence was not properly

questioned, and because there were issues of fact for the jury, we find no error on this point. *Hooper* v. *Ragar*, 289 Ark. 152, 711 S.W.2d 148 (1986).

After the trial, the appellant filed a motion titled "Omnibus Motion For Post Judgment Relief." This was a motion for judgment notwithstanding the verdict pursuant to Civil Procedure Rule 50(b) and was based on the assertion that the jury's verdict was not supported by substantial evidence. Alternatively, the appellant sought a new trial because it alleged that the damages awarded were excessive, or a remittitur down to the balance owed by the Coles to the appellants, approximately $5,430.00. The trial court found that the jury could find that the Deason's were damaged by the Bank's allowing the Certificate of Deposit to be cashed and that a fact question was created as to whether Mr. Deason knew the true facts when he signed the mortgage release. Although the appellant does not argue on appeal that the motion for judgment notwithstanding the verdict should have been granted, we note that even in that motion, the waiver issue was not presented to the trial court.

On cross-appeal, the appellees argue that the trial court erred in ordering either a remittitur down to $10,000.00 from the jury verdict, or a new trial (the appellees accepted the remittitur). Generally, the rule is that, when a plaintiff elects to accept a reduction in his verdict after the trial court has found the verdict to be excessive, he is bound by that decision and may not appeal. *See* 4 Am. Jur. 2d, *Appeal and Error* § 245 (1962); *see also* Annotation, 16 ALR 3d 1327, *Party's Acceptance of Remittitur in Lower Court As Affecting His Right to Complain in Appellate Court As To Amount of Damages for Personal Injury*. However, a plaintiff's election to accept the trial court's conditional order by consenting to remittitur does not bar the plaintiff from cross-appealing when the defendant appeals. *Kroger Co.* v. *Standard*, 283 Ark. 44, 670 S.W.2d 803 (1984); *See Morrison* v. *Lowe*, 274 Ark. 358, 625 S.W.2d 452 (1981).

Since the issue is properly raised on cross-appeal, we will decide it. The trial court held that there was no testimony which would justify the jury's verdict for $12,500.00. The appellees attempt to justify the verdict by claiming that the jury was attempting to compensate them for the loss of use of the

$10,000.00 certificate of deposit. The argument is speculative and we agree with the trial court that the verdict for $12,500.00 was not supported by substantial evidence.

We affirm on direct appeal and on the cross-appeal.

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.