James F. WARD *v.* FAYETTEVILLE CITY HOSPITAL and Second Injury Fund

CA 88-288                                              770 S.W.2d 668

Court of Appeals of Arkansas
En Banc
Opinion delivered May 24, 1989
[Rehearing denied June 21, 1989.]

*Jay N. Tolley*, for appellant.

*David L. Pake,* for appellee Second Injury Fund.

JAMES R. COOPER, Judge. The appellant was injured on March 22, 1985, while employed by the appellee Fayetteville

City Hospital. He subsequently suffered two additional injuries on February 6, 1986, and September 22, 1986. On March 20, 1987, the appellant entered into a joint petition settlement with the employer and its insurer. Prior to the hearing on the settlement, the appellant requested that the Second Injury Fund be joined as a party. The appellant was notified that settling with the employer would be a final adjudication of all the issues and would affect the rights and obligations of all the parties.

At the conclusion of the hearing the administrative law judge approved the joint petition. The Fund was not present at the hearing or included as a party in settlement. The appellant then requested a hearing to determine the liability of the Second Injury Fund, which was denied based on our decision in *Sayre* v. *State of Arkansas Second Injury Fund*, 12 Ark. App. 238, 674 S.W.2d 941 (1984). The administrative law judge stated that he lacked jurisdiction to set further hearings or enter additional orders. The appellant appealed to the full Commission, and the Fund filed a motion to dismiss which the Commission granted. On appeal the only issue is whether the appellant is precluded from proceeding against the Second Injury Fund after entering into the joint petition settlement with the employer and its insurance carrier. We find that he is precluded and affirm.

The Commission, in dismissing the appellant's claim, relied on *Sayre, supra,* where we said that Ark. Code Ann. § 11-9-805 (1987) clearly and unambiguously prohibited the claimant from proceeding against the Second Injury Fund because the joint petition eliminated the Commission's jurisdiction over the claim. Section 11-9-805 states in pertinent part:

> (b) If the commission decides it is for the best interests of the claimant that a final award be made, it may order an award that shall be final as to the rights of all parties to the petition. *Thereafter the commission shall not have jurisdiction over any claim for the same injury or any results arising from it.*

[Emphasis supplied.]

We have, as suggested by the appellant, reexamined our position as stated in *Sayre.* We have surveyed cases from other jurisdictions, and find several differing views. Several of the cases

have applied the doctrine of *res judicata* and held that since the Funds involved were not parties to the settlements they are excluded from the effects of *res judicata* and the claimants could proceed against them. *Bailey* v. *Industrial Commission*, 137 Ill. App. 3d 366, 484 N.E.2d 376 (1985); *Subsequent Injury Trust Fund* v. *Alterman Foods, Inc.*, 162 Ga. App. 428, 291 S.E.2d 758 (1982). Other courts have denied the claimants the right to proceed against the funds because the Funds' liabilities were derivative of the employers' liabilities, and thus the joint petition agreements, which neither admitted or denied liability, precluded any actions against the Funds. In other words, unless there is a determination that the employer is liable, there is no right to proceed against the Funds. *Arduser* v. *Daniel International Corp.*, 7 Kan. App. 225, 640 P.2d 329 (1982); *White* v. *Weinberger Builders, Inc.*, 49 Mich. App. 430, 212 N.W.2d 307 (1973). In specifically rejecting the derivative theory, New Mexico permits claimants to proceed against its Subsequent Injury Fund after settling with the employer based on the coexistence of liability with the employer. *Romero* v. *Cotton Butane Co.*, 105 N.M. 73, 728 P.2d 483 (1986). In Kentucky, a claimant cannot proceed against its Special Fund because the agreement is a final award and the Fund can only be joined before the rendition of a final award. *Yokum* v. *Jordan Auto Parts Company*, 521 S.W.2d 519 (Ky. App. 1975).

In none of the cases our research has found have we discovered a statute similar to § 11-9-805. However, we remain convinced the settlement precludes proceeding against the Fund because of the clear language in that statute. We do not at this time need to apply any of the various principles used in other jurisdictions because the Commission is clearly divested of jurisdiction at the time the settlement is entered into. Furthermore, the legislature has met several times since our decision in *Sayre* and they have not modified or adjusted the statute in response, thus giving rise to the implication that our interpretation and application of the statute was in keeping with legislative intent on the issue. The statute was adopted in 1987 without modification when the Arkansas statutes were revised. The adoption or re-enactment of a statute that has received judicial construction adopts the construction given it. *McKenzie* v. *State*, 11 Ark. 594 (1851); *see Appleby Road Street Improvement*

*District* v. *Powell*, 282 Ark. 398, 669 S.W.2d 3 (1984). Therefore, we cannot agree with the appellant's assertion that the legislature did not intend a settlement to preclude subsequent proceedings against the Fund.

The Fund also argues that the appellant waived his right to proceed against it. At the hearing on the joint settlement petition the appellant testified that he understood that if the case was ended against the employer and its insurer it would also terminate his rights to proceed against the Second Injury Fund. He also stated in response to questioning by the administrative law judge that he understood the settlement would end his claims for all purposes. The Commission found that by making these statements the appellant had waived his right to proceed against the Fund. We do not find it necessary to address this issue in light of our reaffirmation of the holding in *Sayre*, where the claimant clearly and unambiguously attempted to preserve her right to proceed against the Fund.

The appellant also asserts that the Second Injury Fund is similar to a third-party tortfeasor and not permitting him to proceed against the Fund is similar to allowing him to settle around a third-party tortfeasor. The appellant compares the Fund to a workers' compensation insurance carrier who has a potential lien against a third-party tortfeasor. We disagree.

As the appellee points out, a third-party tortfeasor is not subject to the Workers' Compensation Act as is the Fund. For that reason the insurance carrier can settle the claim with the claimant and reserve its right to proceed against the tortfeasor. The purpose of the Second Injury Fund is to pay a portion of the obligation of the employer in accordance with the Workers' Compensation Act, and benefits both the employer and its insurance carrier. *See Second Injury Fund* v. *Mid-State Construction*, 16 Ark. App. 169, 698 S.W.2d 804 (1985). In the case of a third-party tortfeasor, the claimant may have two causes of action; he can proceed against the tortfeasor in a civil case and receive workers' compensation benefits. However, in the case of the Second Injury Fund, the claimant can only proceed before the Workers' Compensation Commission. We concur with the rationale argued by the Fund and agree that the two situations are not similar.

Affirmed.

MAYFIELD and ROGERS, JJ., concur.

MELVIN MAYFIELD, Judge, concurring. I concur in the majority opinion. The only real reason the appellant gives for faulting the provision of the Workers' Compensation Law giving finality to a joint petition settlement is "without giving the claimant the opportunity to have a 'hammer' over the Second Injury Fund, it can delay and have a potential veto on any possible settlement." Whatever that means, I see nothing in the Act to indicate that a claimant has a right to pursue a claim for an injury after the Commission has approved a joint petition settlement for that injury. Ark. Code Ann. § 11-9-805 (1987) clearly leaves the approval of the settlement to the discretion of the Commission except that it must find the settlement to be in the best interest of the claimant in order to approve it. And section 11-9-805(d) even provides that "no appeal shall lie from an order or award allowing or denying a joint petition."

Pursuant to Amendment 26 of the Arkansas Constitution, our first workers' compensation law was enacted by the General Assembly as Act 319 of 1939. Section 19 of that Act did not contain a provision for a joint petition settlement. However, Initiated Act No. 4, adopted by the people at the General Election in November of 1948, *see Acts of Arkansas 1949*, page 1420, amended section 19 of the 1939 Act to authorize a joint petition settlement. *See* Ark. Stat. Ann. § 81-1319(*l*) (Supp. 1949). That provision has remained unchanged to the present date, and it clearly provides that Commission approval of a joint petition settlement eliminates the Commission's jurisdiction over "any claim for the same injury or any results arising from it." Furthermore, we have said that while as a general rule the law favors compromise settlements, that rule does not apply to joint petition settlements. *See Odom* v. *Tosco Corporation*, 12 Ark. App. 196, 199, 672 S.W.2d 915 (1984). So, I am not persuaded that we should help the claimant to "have a hammer" over the Second Injury Fund in order to force it to make a joint petition settlement.

In addition to the statutory finality given to joint petition settlements, I would affirm the Commission's decision in this case for another reason. We stated a general rule in *Farmers and*

*Merchant's Bank* v. *Deason*, 25 Ark. App. 152, 155, 752 S.W.2d 777 (1988), that "we do not address issues raised for the first time on appeal," and cited for authority *C & L Trucking, Inc.* v. *Allen*, 285 Ark. 243, 686 S.W.2d 399 (1985), where the Arkansas Supreme Court said the same thing. *See* 285 Ark. at 247. The same rule applies in appeals from the Workers' Compensation Commission. In *Jeffery Stone Co.* v. *Raulston*, 242 Ark. 13, 412 S.W.2d 275 (1967), the court did not agree with the appellant's contentions for two reasons:

> First, the issue was not raised before the Commission and, under our well established procedural practice, it cannot be raised here.

242 Ark. at 17. *See also Hawthorne* v. *Davis*, 268 Ark. 131, 134, 594 S.W.2d 844 (1980); *Dedmon* v. *Dillard Department Stores, Inc.*, 3 Ark. App. 108, 111, 623 S.W.2d 207 (1981).

Here, I do not believe the appellant presented the issue to the Commission that it now attempts to present to this court. The record shows that on March 11, 1987, the appellant's attorney wrote a letter to an attorney for the employer's insurance carrier setting out his understanding of the terms of their agreement to settle the appellant's claim against the employer. A paragraph of that letter stated:

> By copy of this letter to the Springdale Division, I am requesting that they place official notice to the second injury fund of the time and place of the Joint Petition. Furthermore, by copy of this letter to the second injury fund, I am indicating that I am not waiving my right to proceed against the second injury fund but am only preparing the Joint Petition to preclude my right to proceed against the parties to the Joint Petition.

The letter shows a copy to James D. Emerson, A.L.J., at an address in Springdale. The next page of the record contains a letter from James D. Emerson, dated March 12, 1987, to appellant's attorney. The letter contains one paragraph which reads as follows:

> A joint petition, if approved, is a final adjudication of all issues and will affect the rights and obligations of all parties. With this in mind, please advise if you are ready to

proceed with a joint petition.

The record does not contain a response to this letter but on March 19, 1987, the appellant's attorney and the attorneys for the employer's carrier appeared at a hearing before Judge Emerson. At the conclusion of the hearing, the judge asked the appellant if he understood that an approval of the joint petition would end his claims. After receiving an affirmative reply, the record shows the following questions by the judge and answers by the appellant:

Q. It's the end of any and all benefits that you might expect to receive as a result of any of these injuries?

A. Yes Sir.

Q. And that if in fact in the future you do require additional medical treatment, although Dr. Runnels doesn't feel like you might, if you did it's going to be up to you?

A. Yes.

Q. Do you understand that?

A. Yes.

Q. That this will end any weekly benefits that you might receive, any rehabilitation benefits that you might be entitled to, in other words retraining into some sort of another job. Do you understand that?

A. Yes Sir.

Q. And it ends your right to see, to have determined the amount of permanent disability you would be entitled to. You might go to a hearing, you might receive more than this or less or about the same.

A. Yes Sir.

Q. But you're giving up your right to see. Do you understand?

A. Yes Sir.

Q. With those things in mind do you feel like that [sic] this settlement is in fact in your best interest?

A. Yes Sir.

Q. And do you want to proceed with this and end it all here today?

A. Yes Sir.

The judge then stated he would approve the joint petition and the record contains the Order signed by the judge. It recites that a hearing was held, sets out the amount that is to be paid, and concludes as follows:

> IT IS FURTHER ORDERED that upon payment of these sums by the respondents, this claim shall be forever barred and the Arkansas Workers' Compensation Commission loses any and all jurisdiction.

Nothing is said in the Order about any right to proceed against the Second Injury Fund, and it is clear by the last sentence quoted above that the law judge did not consider that such right existed. To make this even more clear, the appellant's attorney afterwards wrote the law judge, on April 1, 1987, and asked that this matter be set for a hearing against the Second Injury Fund. By letter dated April 10, 1987, the law judge answered and informed appellant's attorney that "I do not have jurisdictional authority to now set this case down for a further hearing, or enter any additional orders." Appellant's notice of appeal was from this "letter opinion."

Under the above factual circumstances, I do not think the issue the appellant seeks to raise in this appeal was raised before the Commission, and it should not be considered by this court on appeal. This case is not like the case of Stratton v. *Death and Permanent Total Disability Trust Fund*, 28 Ark. App. 86, 770 S.W.2d 678, decided today by this court. In that case the joint petition attempted to reserve the claimant's right to proceed against the Fund. Here, the joint petition, signed by appellant and his attorney, makes no mention of the issue the appellant now argues on appeal.

The only thing that could be considered an attempt to reserve the right to proceed against the appellee Fund in this case is the statement in the March 11, 1987, letter from appellant's attorney to the attorney for the employer's insurance carrier to

the effect that the right to proceed against the Fund was not being waived. Not only was this not addressed to the law judge, the letter from the judge to appellant's attorney setting the hearing on the joint petition made it very clear that approval of the petition would be a final adjudication. Without any objection to the position set out in the law judge's letter, I do not think the appellant can complain on appeal of the action of the law judge that appellant's attorney either consented to, or acquiesced in. *See Briscoe* v. *Shoppers News, Inc.*, 10 Ark. App. 395, 401, 664 S.W.2d 886 (1984). The issue appellant argues here was simply not raised below. So, for this additional reason, I agree to affirm the Commission.

ROGERS, J., joins in this concurrence.