## Joseph R. STRATTON v. DEATH AND PERMANENT TOTAL DISABILITY TRUST FUND

CA 88-414                                        770 S.W.2d 678

Court of Appeals of Arkansas
Division II
Opinion delivered May 24, 1989
[Rehearing denied June 21, 1989.]

*Jay N. Tolley*, for appellant.

*David L. Pake,* for appellee.

MELVIN MAYFIELD, Judge. The crucial issue in this appeal from a decision of the Workers' Compensation Commission is whether the claimant, appellant Joseph R. Stratton, can proceed against the Death and Permanent Total Disability Trust Fund after entering into a joint petition settlement with his employer and its insurer. (Prior to Act 393 of 1983, the name of the appellee Fund was the Death and Permanent Total Disability *Bank* Fund.)

On July 5, 1977, appellant suffered a compensable injury. On November 24, 1986, he entered into a joint petition settlement with the employer and its insurance carrier which was approved by an administrative judge on November 25, 1986, after consideration of the answers to interrogatories filed with the petition by the claimant. The joint petition agreement provided in part:

> Approval of this Joint Petition will be final between the claimant and respondent, but claimant reserves all rights to benefits from the Death and Permanent Total Disability Bank Fund. However, the claimant recognizes that the decision in the case of *Sayre* v. *State Second Injury Fund*,

12 Ark. App. 238, 674 S.W.2d 941 (1984), may impede the claimant's right to proceed further against the Permanent Total Disability Bank Fund, . . .

In his answers to interrogatories, appellant also answered, "Yes," to the question, "State whether you understand that settlement of this action may be construed by the Court to prohibit a further action against the Permanent Total Disability Bank Fund."

The order of the law judge approving the joint petition settlement contained the following provision:

IT IS FURTHER ORDERED that upon payment of these sums by the respondent this claim shall be forever barred and the Arkansas Workers' Compensation Commission loses any and all jurisdiction.

On December 11, 1987, appellant's attorney requested a hearing before the Workers' Compensation Commission on the issue of the claimant's right to proceed against the appellee Fund. In January of 1988 the administrative law judge ruled by letter opinion that the Workers' Compensation Commission no longer had jurisdiction to take further action on the claim. Appellant then appealed that decision to the full Commission which held that the law judge had "properly refused to assume jurisdiction and take further action in this claim." On appeal to this court the appellant argues that the Commission erred as a matter of law in refusing to determine his right to receive benefits from the Fund.

On this day we have issued an opinion in the case of *Ward* v. *Fayetteville City Hospital*, 28 Ark. App. 73, 770 S.W.2d 668 (1989), which presents the same issue involved in the instant case, except there the appellant is attempting to proceed against the Second Injury Fund. However, the joint petition in *Ward* does not contain the language, which we have in this case, that attempts to reserve the claimant's right to proceed against the Fund. Thus it can be argued that the appellant's attempt in this case to reserve his rights to benefits from the Fund gives him standing to appeal the Commission's decision holding it had no jurisdiction over his claim. At any event, we hold here, as the majority does in *Ward*, that under Ark. Code Ann. § 11-9-805 (1987) the Commission's approval of a joint petition settlement eliminates its jurisdiction over "any claim for the same injury or

any results arising from it." *See Sayre v. Second Injury Fund*, 12 Ark. App. 238, 674 S.W.2d 941 (1984).

In addition to the decision in *Sayre*, we call attention to *Jacob Hartz Seed Co. v. Thomas*, 253 Ark. 176, 485 S.W.2d 200 (1972), where the court was discussing a joint petition settlement under Ark. Stat. Ann. § 81-1319(*l*) [now Ark. Code Ann. § 11-9-805]. The court said:

> The necessity for extreme caution in approving such settlements so clearly recognized by the commission's procedural rule lies in the fact that any award based thereon finally concludes all rights of the parties, even foreclosing any right of appeal from the order of approval. This is the only procedure under our act *which leaves the claimant* without any further remedy, regardless of subsequent developments.

253 Ark. at 179 (emphasis added). We agree with the appellee that the language quoted above makes it clear that the finality of a joint petition settlement is viewed from the claimant's standpoint. It is the claimant's right to proceed further that is extinguished.

The statute under consideration here was also before the Arkansas Supreme Court in *Cook v. Brown*, 246 Ark. 11, 436 S.W.2d 482 (1969), where the court affirmed the Commission's refusal to set aside its approval of a joint petition settlement. The court said:

> Our statute is unambiguous. It is fortified by the wording of Ark. Stat. Ann. § 81-1326 (Repl. 1960). That section provides for the modification of awards generally; however, it specifically excepts from its provisions those awards made under § 81-1319(*l*).

246 Ark. at 14. The purpose of the statute was explained in *Bradford v. Ark. State Hospital*, 270 Ark. 99, 603 S.W.2d 896 (Ark. App. 1980), when the court said:

> Conceding entirely that one avowed and worth-while objective of Section 19(*l*) is to protect the claimant in joint petition settlements, it should be noted that there is another objective of Section 19, also to be valued, and that is the achieving of finality where the parties have reached a

fair compromise — hence, the proviso that the Commission will have no further jurisdiction.

270 Ark. at 105-06. The public's stake in this issue is explained by Larson as follows:

The public has ultimately borne the cost of compensation protection in the price of the product, and it has done so for the specific purpose of avoiding having the disabled victims of industry thrown on private charity or public relief. To this end, the public has enacted into law a scale of benefits that will forestall such destitution. It follows, then, that the employer and employee have no private right to thwart this objective by agreeing between them on a disposition of the claim that may, by giving the worker less than this amount, make him a potential public burden. The public interest is also thwarted when the employer and employee agree to a settlement which unnecessarily increases the cost of the product by giving the worker more than is due.

3 Larson, *Workmen's Compensation Law*, § 82.41 (1988).

The appellee has arguments other than the interpretation of the statute involved. Particularly to be noted are those revolving around the amount of benefits that must be paid by the employer for permanent total disability before Trust Fund liability attaches; the allocation and characterization of the amounts to be paid under the joint petition settlement; and whether the claimant is in fact permanently totally disabled. However, we affirm the Commission's decision holding that the law judge had "properly refused to assume jurisdiction and take further action in this claim." This makes it unnecessary to discuss the other arguments advanced by the Fund.

Affirmed.

JENNINGS and ROGERS, JJ., agree.