Geneva Lee BALDWIN *v.* CLUB PRODUCTS COMPANY
and Fireman's Fund Insurance Company

89-329                                               790 S.W.2d 166

Supreme Court of Arkansas
Opinion delivered June 4, 1990
[Rehearing denied July 9, 1990.]

*J. R. Nash*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellees.

ROBERT H. DUDLEY, Justice. Appellant filed a motion in circuit court seeking to have the circuit court issue an order directing appellees to comply with an order of the Worker's Compensation Commission. The appellees responded with a motion to dismiss and for sanctions and costs pursuant to ARCP Rule 11. The trial court held it was without jurisdiction to hear appellant's motion and denied appellees' request for sanctions. Both parties appeal. We affirm on both direct and cross-appeal.

Appellant suffered a total and permanent injury in 1977. *See Baldwin* v. *Club Products Co. & Fireman's Fund Ins. Co.*, 270 Ark. 155, 604 S.W.2d 568 (Ark. App. 1980). After further proceedings the full commission issued an opinion and order in 1984 directing that: "Any and all reasonable and necessary medical and related expenses shall be borne by respondents [appellees]." Pursuant to the order appellees have paid all of the customary medical bills. Appellant now seeks to have appellee pay for psychiatric care, treatment by an ophthalmologist, and treatment by a pain clinic. Appellees do not agree such treatment is reasonable and necessary. After appellees questioned this

treatment, the appellant filed a "Motion to Enforce Judgment" in the circuit court. The motion prayed that the court issue an order directing the appellees to "provide the care" ordered by the Commission. The trial court held it was without jurisdiction to act.

■ Appellant contends that the trial court misconstrued Ark. Code Ann. § 11-9-712 (1987). The argument is without merit. That statute provides that a certified copy of a "final compensation order or award" of the Worker's Compensation Commission may be entered in the judgment record of a county and, after entry by the circuit clerk, is enforceable as are judgments and liens of the circuit court. The statute is for the registration of *final compensation* orders or awards. "Compensation" means "the money allowance payable to the employee. . . ." Ark. Code Ann. § 11-9-102(9) (1987). "Final" may be generally said to mean an appealable order. Ark. Code Ann. § 11-9-711 (1987). Thus, the statute at issue, Ark. Code Ann. § 11-9-712 (1987), means that a money allowance, or liquidated award, which has become final, may be filed with the circuit clerk, and it then becomes a judgment and lien the same as a circuit court judgment. The statute does not in any way give the circuit court jurisdiction to determine what is a "reasonable and necessary" expense pursuant to an order or award of the Worker's Compensation Commission. Thus, we affirm on direct appeal.

■ On cross-appeal the cross-appellant argues that the trial court erred in refusing to impose sanctions. The imposition of sanctions is a matter to be handled with circumspection, and the trial court's decision is due substantial deference. *Bratton v. Gunn*, 300 Ark. 140, 777 S.W.2d 219 (1989). The order appealed from in this case was entered on August 2, 1989. *Bratton* was handed down on October 9, 1989, so the trial court had no way of knowing that this Court would take the opportunity afforded by *Bratton* to note:

> the salutary purposes of Rule 11 and to further state the courts' interest in fair application of it. With that in mind, and notwithstanding the language in ARCP Rule 52 that makes findings of fact and conclusions of law unnecessary in decisions on motions, we believe the better practice is for the trial court to give an explanation of its decision on Rule

11 motions sufficient for the appellate courts to review.

Although we do not know the reason the trial court denied the motion for sanctions, after reviewing the appellant's abstract and argument, we are convinced the appellant's attorney was making a good faith effort to assist his client in compliance with the statute. Accordingly, we affirm the trial court's denial of the motion to impose sanctions.

Affirmed on direct and cross-appeal.