Marilyn Sue McGrew MOORE *v.*
WAUSAU INSURANCE COMPANY

CA 00-1282                                                    47 S.W.3d 274

Court of Appeals of Arkansas
Division IV
Opinion delivered June 13, 2001

202

*Rush, Rush & Cook*, by: *R. Gunner Delay*, for appellant.

*Daily & Woods, P.L.L.C.*, by: *Douglas M. Carson*, for appellee.

K AREN R. BAKER, Judge. Appellant, Marilyn Sue McGrew Moore, has appealed a Crawford County Circuit Court order granting a motion to dismiss on the basis that the circuit court lacked jurisdiction over a joint petition approved by the Administrative Law Judge. Appellant has five arguments on appeal. First, appellant argues that the trial court erred in granting the appellee's motion to dismiss because it is the only forum that has jurisdiction over the matter. Second, appellant argues this action was appropriately filed as an action for breach of contract. Third, appellant argues the trial court erred in dismissing this action because the existence of a contract is a question of fact. Fourth, appellant argues that the trial court erred in dismissing this action because she is entitled to relief under Ark. Code Ann. § 23-79-208 (Repl. 1999). Fifth, appellant argues that in the event the court finds that the plaintiff cannot proceed under Ark. Code Ann. § 23-79-208, she is still entitled to recover an attorney's fee under Ark. Code Ann. § 16-22-308. We affirm.

Appellant was employed by Health Management Associates (HMA) on May 2, 1997, when she sustained an injury. As a result, appellant incurred two surgeries, one on the lower back and one to the neck. The Workers' Compensation Commission required that appellee, Wausau Insurance Company, as the workers' compensation carrier for HMA, pay appellant the benefits she was entitled. Subsequently, the two parties entered into a joint petition agreement.

The joint petition agreement stated that appellant was to receive a sum of $25,000, attorney's fees of $6,000, and all related and authorized medical expenses. The Administrative Law Judge approved the petition, and both the award and the attorney's fee were paid directly to appellant. However, the medical expenses were not paid, allegedly because the bills were misplaced by appellee.

Appellant then brought this action in Crawford County Circuit Court for breach of contract. Appellee responded by filing a motion to dismiss arguing the circuit court lacked jurisdiction. The motion was granted and this appeal followed.

■■ Appellant first argues that the trial court erred in granting the appellee's motion to dismiss because it is the only forum that has jurisdiction over this matter. She is incorrect. Arkansas

Code Annotated section 11-9-805(b)(1) and (2) (Repl. 1996) states that, "[i]f the commission decides it is for the best interests of the claimant that a final award be made, it may order an award that shall be final as to the rights of all parties to the petition. Thereafter, the commission shall not have jurisdiction over any claim for the same injury or any results arising from it." Thus, it is only when a final award is made by the Commission in approving a joint petition that the Commission loses its jurisdiction over "any claim for the same injury or any results arising from it." *Stratton v. Death & Permanent Total Disability Trust Fund,* 28 Ark. App. 86, 770 S.W.2d 678 (1989) (citing *Sayre v. Second Injury Fund,* 12 Ark. App. 238, 674 S.W.2d 941 (1984)). Our supreme court in *Jacob Hartz Seed Co. v. Thomas,* 253 Ark. 176, 485 S.W.2d 200 (1972) noted that,

> [t]he necessity for extreme caution in approving such settlements . . . lies in the fact that *any award based thereon finally concludes all rights of the parties,* even foreclosing any right of appeal from the order of approval. This is the only procedure under our act which leaves the claimant without any further remedy, regardless of subsequent developments.

253 Ark. at 179, 485 S.W.2d at 202. (Emphasis supplied.)

The language quoted above makes it clear that the finality of a joint petition settlement is viewed from the claimant's standpoint, and it is the claimant's right to proceed further that is extinguished. *Stratton, supra.* However, there must be finality before claimant's right to proceed is extinguished and the jurisdiction of the Commission ends.

The Commission has continuing jurisdiction over orders which are not final, because there is not a specific award. To be final, the order must dismiss the parties from the court, discharge them from the action, or conclude their rights as to the subject matter of the controversy. *American Mut. Ins. Co. v. Argonaut Ins. Co.,* 33 Ark. App. 82, 801 S.W.2d 55 (1991). When the Commission makes findings only with respect to the issue of causation without determining questions relating to the amount and duration of compensation, such as healing period, disability, or reasonable medical expenses, the order is not final. *St. Paul Ins. Co. v. Desota,* 30 Ark. App. 45, 782 S.W.2d 374 (1990). Our supreme court has further pointed out that an order "which establishes the plaintiff's right to recover, but leaves for future determination the exact amount of his recovery, is not final." *Farms v. Jones,* 28 Ark. App. 90, 770 S.W.2d 680 (1989) (quoting *Ark. State Highway Comm. v.*

*Kesner*, 239 Ark. 270, 278, 388 S.W.2d 905, 911 (1965)). In the case at hand, the order required appellee to pay "outstanding medical bills related to the lumbar and cervical injuries and the foot up to the date of this joint petition." The order failed to provide an amount that appellant was to receive; thus, it was not a final order. In this situation, the Commission retains jurisdiction for any further proceedings necessary to achieve finality.

■ Furthermore, this court discussed the purpose of Ark. Code Ann. § 11-9-805 stating that,

> [c]onceding entirely that one avowed and worthwhile objective of Section 19(l) is to protect the claimant in joint petition settlements, it should be noted that there is another objection of Section 19, also to be valued, and that is the achieving of finality where the parties have reached a fair compromise-hence, the proviso that the Commission will have no further jurisdiction.

*Bradford v. Arkansas State Hospital*, 270 Ark. 99, 105-06, 603 S.W.2d 896, 900 (Ark. App. 1980). In this case, appellant and appellee entered into a joint petition, which was subsequently approved by the Administrative Law Judge. However, finality was not achieved because the joint petition did not specify what medical expenses were to be paid, nor did it set out a specific award relating to those expenses.

■ We hold that the circuit court, in this instance, correctly concluded that it is without jurisdiction. Our supreme court in *Baldwin v. Club Products Co.*, 302 Ark. 404, 790 S.W.2d 166 (1990), held that the circuit court did not have jurisdiction to determine what was a "reasonable and necessary" expense pursuant to an order or award of the Commission. In *Baldwin*, the parties could not resolve a dispute over whether the employer and its carrier in a workers' compensation case were required to pay certain bills under an earlier order requiring it to pay "any and all reasonable and necessary medical and related expenses." 302 Ark. at 405, 790 S.W.2d at 167. The claimant filed a motion to enforce the Commission's order in circuit court. 302 Ark. at 406, 790 S.W.2d at 167. The circuit court ruled that it was without jurisdiction to settle the dispute and the Arkansas Supreme Court affirmed. *Id.* Here, just as in *Baldwin*, the circuit court correctly determined that it did not have jurisdiction.

Because we hold the circuit court was correct in finding that it lacked jurisdiction, we do not address appellant's remaining arguments.

Affirmed.

JENNINGS and ROBBINS, JJ., agree.